LOUIS F. LICHT et al., Appellants and Respondents, *v.*
STATE OF NEW YORK, Respondent and Appellant.
(Claim No. 23336.)

Argued January 25, 1938; decided March 8, 1938.

*Edwin G. Jenkins* for claimants, appellants and respondents. The liability is that of the State of New York and not of the county of Nassau. (*Van Winkle* v. *Van Winkle*, 184 N. Y. 193; *Ansorge* v. *Belfer*, 248 N. Y. 145; *Monogram Development Co.* v. *Nathen Const. Co.*, 253 N. Y. 320; *People ex rel. Janes* v. *Dickey*, 206 N. Y. 581; *People ex rel. Brisbane* v. *Zoll*, 97 N. Y. 203; *People ex rel. Bennett* v. *Dickey*, 148 App. Div. 663; *Matter of Grade Crossing Commrs.*, 209 N. Y. 139.) There was an appropriation by the State of New York. (*Village of St. Johnsville* v. *Smith*, 184 N. Y. 343.) The principle of *damnum absque injuria* does not apply because there has been an actual taking. (Cons. Laws, ch. 65, §§ 777, 779; *Sauer* v. *City of New York*, 180 N. Y. 27; *Galveston R. R. Co.* v. *Fuller*, 63 Tex. 467; *Mellor* v. *City of Philadelphia*, 160 Penn. St. 614; *Joslin Mfg. Co.* v. *City of Providence*, 262 U. S. 668; *Earle* v. *Commonwealth*, 180 Mass. 579; *People ex rel. Janes* v. *Stillings*, 197 N. Y. 548; *People ex rel. Purdy* v. *Fitch*, 147 N. Y. 355; *People ex rel. Brisbane* v. *Zoll*, 97 N. Y. 203; *Matter of Hoyt* v. *City of New York*, 162 App. Div. 469; 213 N. Y. 651; *Matter of Grade Crossing Commrs.*, 17 App. Div. 54; 154 N. Y. 550; *Winthrop* v. *Delany*, 120 App. Div. 801; 192 N. Y. 533; *Stanwood* v. *City of Malden*, 157 Mass. 17; *Matter of Meyer* v. *Adam*, 63 App. Div. 540; 169 N. Y. 605; *Matter of Grade Crossing Commrs.*, 201 N. Y. 32.) Claimants have a private easement different from and in addition to the easements of the general public.

(*Eels* v. *American Tel. & Tel. Co.*, 143 N. Y. 133; *Kane* v. *Elev. R. R. Co.*, 125 N. Y. 164; *Bohm* v. *Metropolitan El. Ry. Co.*, 129 N. Y. 576; *Maynell* v. *Saltmarsh*, 1 Keb. 847; *Fritz* v. *Hobson*, 14 Ch. Div. 542; *Pierce* v. *Dart*, 7 Cow. 609; *Hood* v. *Smith*, 5 Wkly. Dig. 117.) The particular easement accruing to the claimants is an easement of access in both directions. (*Taylor* v. *Hopper*, 62 N. Y. 649; *Buchholz* v. *N. Y., Lake Erie & W. R. R. Co.*, 148 N. Y. 640; *Ackerman* v. *True*, 56 App. Div. 54; *Gillender* v. *New York*, 127 App. Div. 612; *Reis* v. *City of New York*, 188 N. Y. 58; *Matter of 29th St.*, 1 Hill, 189; *Matter of Hoyt* v. *City of New York*, 162 App. Div. 469; 213 N. Y. 651; *Matter of Grade Crossing Commrs.*, 210 App. Div. 328; 240 N. Y. 612; *Matter of City of New York* [*Sedgwick Ave.*], 213 N. Y. 438; *Matter of William St.*, 103 Misc. Rep. 313; 188 App. Div. 668; 228 N. Y. 523; *O'Brien* v. *Central L. & S. Co.*, 158 Ind. 218; *Park City Yacht Club* v. *Bridgeport*, 85 Conn. 365; *Vendenbergher* v. *Minn.*, 98 Minn. 329.) The easement which the plaintiff has is property which cannot be taken without due process of law and without compensation. (*Forster* v. *Scott*, 136 N. Y. 577; *Matter of Commissioner of Public Works*, 135 App. Div. 561; *People ex rel. M. S. Inst.* v. *Otis*, 90 N. Y. 48; *Long Island R. R. Co.* v. *Garvey*, 159 N. Y. 334.) The interference with the easements of an abutting owner is a taking of them *pro tanto* and entitles the owner to payment therefor, and in addition the damage done to his adjoining lands. (*Bohm* v. *M. E. R. Co.*, 129 N. Y. 576; *Flynn* v. *N. Y., W. & B. Ry. Co.*, 218 N. Y. 140; *Matter of City of New York*, 193 N. Y. 117; 227 N. Y. 119; *Lahr* v. *Metropolitan El. Ry. Co.*, 104 N. Y. 268.)

*John J. Bennett, Jr., Attorney-General* (*Leon M. Layden* and *Henry Epstein* of counsel) for defendant, respondent and appellant. The liability, if any, is that of the county of Nassau and not of the State of New York. (L. 1928, ch. 135; *Walpole* v. *Massachusetts Chemical Co.*, 192 Mass.

66.) There was no appropriation by the State of New York. (*Stewart* v. *Wallis*, 30 Barb. 344; *People ex rel. Johnson* v. *Whitney's Point*, 32 Hun, 508; *Matter of Laidlaw*, 153 App. Div. 343; *Village of St. Johnsville* v. *Smith*, 184 N. Y. 341; *N. Y. C. & H. R. R. R. Co.* v. *State*, 37 App. Div. 57; 166 N. Y. 286; *Matter of St. Lawrence* v. *Adirondack R. R. Co.*, 133 N. Y. 270.) The common law provides no remedy to claimants for consequential damages resulting from the closing of the so-called " Ancient Road." (*Smith* v. *Boston & Albany R. R. Co.*, 181 N. Y. 132; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Conklin* v. *N. Y., Ont. & West. Ry. Co.*, 102 N. Y. 107; *Matter of Strauss*, 231 N. Y. 620; *Miller* v. *State*, 229 App. Div. 423; *Van Aken* v. *State*, 261 N. Y. 360; *West 158th St. Garage Corp.* v. *Fullen*, 139 Misc. Rep. 245; *Coster* v. *Mayor*, 43 N. Y. 399; *Matter of Grade Crossing Commrs.*, 201 N. Y. 32; *McCabe* v. *City of New York*, 213 N. Y. 468; *Lange* v. *State*, 133 Misc. Rep. 101; *City of Corning* v. *O'Neill*, 180 App. Div. 454; 227 N. Y. 625.)

FINCH, J. The claimants own real property abutting on a public highway. This highway afforded them access in both directions to and from streets or roads. They also owned a permanent easement over the property adjoining theirs, for the installation and maintenance of water, gas, electric and telephone facilities to supply their premises. In 1928 the county of Nassau, by condemnation proceedings, acquired the adjoining property abutting on this highway, but did not acquire title to the road itself. In 1931 the county deeded title to this property to the State, and in the following year the Long Island Park Commission, as agent of the State, constructed thereon the Northern State parkway. In so doing, the highway, which passes in front of the claimants' property, was closed by the construction of an embankment, and the claimants, therefore, lost all means of access in a westerly direction. The construction of the

Northern State parkway also cut off the claimants' easements over the adjoining property for the purpose of bringing gas, electric, water and telephone facilities from the nearest highway. The claimants now have access only from the east, and gas, electric and water and telephone facilities can now be brought to the claimants' property only at greater expense from the road to the east of the property or, possibly, under the parkway, which method apparently, even if practicable, would be extremely expensive.

The Court of Claims rendered judgment in favor of claimants, awarding them damages for the loss of access and for the loss of easements for the bringing of public utility facilities to their property. The Appellate Division has modified and reduced the judgment to the amount awarded for the loss of the utility easements. Both parties appeal.

The State, and not the county of Nassau, is liable for the damages suffered by the claimants. The acquisition of the property by the county did not result in injury or detriment to the claimants. It was only when the Park Commission constructed the parkway, and cut off access that the harm was done. The damages were caused when the physical change was made. (*People ex rel. Janes* v. *Dickey*, 206 N. Y. 581. See *Matter of Grade Crossing Commissioners of Buffalo*, 209 N. Y. 139, 144.)

Consequential damages resulting from changes of grade or other changes in highways on the part of the State generally are *damnum absque injuria* unless the State, by legislative action, assumes liability. In the case at bar there is such statutory assumption of liability, and it is unnecessary to consider whether liability might exist on other grounds.

Sections 770–781 of the Conservation Law (Cons. Laws, ch. 65) deal with the Long Island State Park Commission. Section 777 (subd. 7) gives the Commission the power " * * * to agree with the owners or persons

interested in any real estate in which said commission is authorized to acquire the fee or any lesser interest, for the acquisition of said real estate, or any interest therein, and the compensation to be paid therefor; * * *."

Subdivision 8 of that section provides that: "If the said commission shall be unable to agree with the owners of or other persons having an interest in said real estate, or if by reason of legal incapacity, or absence of such owners or persons interested as aforesaid, or if for any other reason, no agreement can be made for the purchase of said real estate, the same may be from time to time acquired by the commission by condemnation proceedings or by appropriation in the name of the state * * *. The commission, if it shall acquire lands by appropriation, shall acquire them in the manner provided by section fifty-nine of the conservation law for the appropriation of certain lands, and all the provisions of such section shall as far as practicable apply to the acquisition of such lands in the same manner and with the same effect as though the lands herein authorized to be acquired, were mentioned in such section."

In section 779 it is provided that "real estate," as used in these sections, signifies, among other things, "any and all easements and incorporeal hereditaments." It further provides that "The term real estate shall also be construed to include all real estate (as the term is above defined) heretofore * * * used for * * * highway, telephone, telegraph or other public purposes, providing the persons or corporations owning such real estate, or claiming interest therein, shall be allowed the perpetual use, for such purpose, of the same or of such other real estate to be acquired for the purposes of this part of this article as will afford practicable route or location for such * * * highway, telephone, telegraph or other public purpose and commensurate with and adapted to its needs; and provided, also, that such persons or corporations shall not, directly or indirectly, be subject to expense, loss,

or damage, by reason of changing such route or location, but that such expense, loss or damage shall be borne in like manner as the expenses incurred in carrying out the provisions of this part of this article."

Under subdivision 7 of section 59 of the Conservation Law, the Court of Claims is given jurisdiction to hear and determine claims for legal damages caused by appropriation, when such claims are not adjusted by agreement.

It is true that there has been no formal appropriation, but without formal appropriation all access to claimants' property from the west has been cut off physically by the fill placed upon the surface of the road to support the parkway. A cul-de-sac to the west replaces an exit to Marcus avenue, to the new parkway, and to any highway or street. This was not a change of grade. It was more. It comprised a wiping out of the interest of the claimants in this highway to the west. In such event section 779 imposes an obligation on the State to relocate for the " interest " of the claimants in the highway, which has been destroyed, a perpetual use either in this portion of the highway " or of such other real estate to be acquired for the purposes of this article as will afford practicable route or location for such * * * highway * * *; " and providing also that such person shall not, directly or indirectly, be subject to expense, loss or damage by reason of changing such route or location, but that such expense, loss or damage shall be borne in like manner as the expenses incurred in carrying out the provisions of this part of the article. This creates and reserves to the claimant the right to compensation if no relocation of a highway, destroyed, is provided.

The Appellate Division has reversed this portion of the judgment on the law and the facts. In consequence there must be a reversal and a new trial.

The claimants clearly are entitled to recover damages for the public utility easements which have been appropriated by the State. There is evidence to support the

award made by the Court of Claims for these easements, and the Appellate Division having affirmed that portion of the judgment, there is nothing to be reviewed by this court.

It follows that on the appeal by the plaintiffs the judgments should be reversed and a new trial granted, with costs to abide the event. On the appeal by the defendant, the judgment should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN, J., dissents; HUBBS, J., taking no part.

Judgment accordingly.