BOARD OF SUPERVISORS OF THE COUNTY OF MONROE, Appellant, Respondent, *v.* SIDNEY J. WILKIN and Others, Respondents, Appellants, Impleaded with ELSIE WEITZ HALLINGS and Others, Defendants.

Fourth Department, September 25, 1940.

*Harry Rosenberg* [*Joseph B. Boyle* of counsel], for the county of Monroe.

*William J. Maloney*, for the respondents-appellants Wilkin and others.

CROSBY, P. J.   This is an appeal by the plaintiff, the Board of Supervisors of the County of Monroe, from an order of the Supreme Court confirming an award by commissioners in a condemnation proceeding.   The amount awarded was $32,298.64, with interest and costs.   There is also a cross-appeal by the property owners who claim, among other things, that the award is inadequate to compensate for the land taken and the consequential damage to the land not taken.

The commissioners made an award in alternative form for reasons now to be stated.   A parcel of 44.26 acres of land was taken for use as a State parkway.   The land was condemned by the county of Monroe for the reason that the county had acquired certain lands from the State in consideration for which the county had undertaken to acquire and deed to the State the lands necessary for the contemplated parkway.   (Laws of 1934, chap. 651, as amd. by Laws of 1935, chap. 574.)   The land taken constitutes a strip running substantially parallel to the southern shore of Lake Ontario but not extending to the shore.   A parcel of 3.07 acres, on which is erected a substantial residence, is left to the owner.   This parcel lies between the lake and the proposed parkway and is cut off from all access to any highway, unless it can be said that it has access to the parkway in question.   The county claims that the 3.07 acre parcel has access to the parkway as a matter of law as well as a matter of fact.   The property owners claim that their 3.07 acre parcel is marooned and without access to any highway either as a matter of fact or of law.   This situation furnishes the occasion for the alternative award made by the commissioners: $21,228.64 if the court should find that the 3.07 acres had access to a highway, and an additional $11,070 if the court should find that there is no access to a highway.   No objection is here made to the making of an award in the alternative form.   Such practice is not unusual.   (*Adirondack Power & Light Corp.* v. *Evans*, 226 App. Div. 490.)

The Special Term decided that the 3.07 acres had no access to the parkway and confirmed the larger of the alternative awards. The county of Monroe moved for confirmation of the smaller of the two awards and the owners objected to the confirmation of either award.   Hence the cross-appeals.

It seems to us that the only serious question in this case is whether or no the 3.07 acre parcel remaining to the owners has access to the parkway. We agree with Special Term that it does not have such access.

This parkway is a part of the State park system, and while it will have a road for travel running through it, nevertheless it is essentially a park. The rule, laid down in *Perlmutter* v. *Greene* (259 N. Y. 327), that the "right to have the highway kept open for * * * access as well as for travel [is] an 'easement,'" is not applicable to a parkway of the kind here contemplated. (*Matter of County of Westchester* [*H. R. Parkway*], 246 N. Y. 314; *Buffalo, Lackawanna & Rochester R. Co.* v. *Hoyer*, 214 id. 236.)

The opinion of the Attorney-General, cited in the brief for the county of Monroe, does not support the conclusion that the owners' parcel has access to the parkway. Furthermore, the county's own witness, Dake, who made and filed the requisition map which resulted in the taking of the property, testified that the parcel not taken would have access to the parkway " only so long as the northerly portion [the 3.07 acres] * * * remains as a farm." And in a companion case (*Bd. Suprs. County of Monroe* v. *Wiedman* [*Tennison*], 260 App. Div. 839, known as the *Tennison* case, tried with this case) this same witness, speaking of land similarly situated, between the parkway and the lake, testified that he " saw no farm use for that land." In spite of this testimony, by the county's own witness, that the land north of the strip taken has no longer any farm use, and that it has access to the parkway only so long as used for farm purposes, all the county's witnesses, as to value of land taken and consequential damage to land not taken, testified that they based their estimates of value on the assumption that these marooned parcels had access to the highway.

Under these circumstances we think the Special Term was entirely correct in confirming the larger award.

We find no merit in the owners' contentions that the commissioners were disqualified and that the description of the property to be taken is too indefinite to confer jurisdiction upon the court.

Nor do we find merit in the county's contention that the State of New York and not the county of Monroe is, if anybody, liable for the damage to the 3.07 acres. The county relies on cases holding that the State is liable for the damages caused by the change of grade of a street. (*Licht* v. *State of New York*, 277 N. Y. 216; *People ex rel. Janes* v. *Dickey*, 206 id. 581; *Matter of Grade Crossing Commissioners of Buffalo*, 209 id. 139.)

The instant case is wholly unlike these cases. Here the damage is caused by the taking, not by what may or may not be done with

the land. Cutting a portion of the owners' land off from access to a highway results in immediate damage. Its usefulness, and so its market value, is almost if not entirely destroyed.

The county's contention that the requisition map shows that access of the 3.07 acres to the parkway is preserved, is entirely without merit. The acquisition map in this case shows nothing of the kind. In one of the companion cases (*Tennison* case, decided herewith) there does appear, upon the acquisition map, a cryptic legend as follows: " 30' sub-div. access on north," but in view of the county's own proof, made by its witness Dake, we think the legend can have no such effect as claimed for it, even in the *Tennison* case, much less in the instant case.

The order should be affirmed, without costs.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order affirmed, without costs of this appeal to any party.