BOARD OF SUPERVISORS OF THE COUNTY OF MONROE, Appellant, v. FREDERICK WIEDMAN, as Executor, etc., of JOHN TENNISON, Deceased, EMMA RANDALL and Others, Respondents, Impleaded with ELSIE WEITZ HALLINGS and Others, Defendants.— Order affirmed, with costs. Memorandum: This is one of four condemnation cases tried together. Our opinion in the companion case of *Board of Supervisors, Monroe County*, v. *Wilkin* (*ante*, p. 366), decided herewith, sufficiently explains the background. In the instant case, as in the *Wilkin* case, the principal question is whether or not land lying between the land taken and Lake Ontario is left to the owner without access to the highway. In this case, too, the commissioners made alternative awards ($4,253 or $9,003), depending on the court's decision as to highway access. Plaintiff moved for confirmation of the smaller award and the defendants moved for confirmation of the larger award. The Special Term confirmed the larger award. On the question of access to the highway of land not taken by the county, the only difference between this and the *Wilkin* case, lies in the fact that a legend is printed on the Tennison Acquisition Map as follows: " 30' sub-div. access on north." We have pointed out, in our opinion in the *Wilkin* case, why, in view of the testimony of the county's witness Dake, we think the quoted legend does not have the effect, claimed for it, of giving access to the highway. All concur. (The order confirms the report of commissioners of appraisal in a condemnation proceeding under article 2 of the Condemnation Law to condemn property for highway purposes.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

FRANK GUILIANO, Appellant, v. UNITED STATES GYPSUM COMPANY, Respondent. ERNEST CAPONE, Appellant, v. UNITED STATES GYPSUM COMPANY, Respondent. ANTONIO GEORGE, Appellant, v. UNITED STATES GYPSUM COMPANY, Respondent. ANTONIO STORNELLI, Appellant, v. UNITED STATES GYPSUM COMPANY, Respondent.— Order so far as appealed from affirmed, without costs of this appeal to any party. All concur. (The portion of the order appealed from directs that the four actions be tried together, without consolidation.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.