MABELLE A. STEVENS, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 28356.)

Court of Claims, October 24, 1947.

*Wallace J. Stakel* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Harold S. Coyne* and *David Marcus* of counsel), for defendant.

RYAN, J. Claimant is the owner of a farm home, consisting of about 104 acres of land on which there stands a twelve-room

dwelling house, a garage, a barn, sheds and the usual smaller farm buildings for poultry and hogs. The farm has been occupied by the claimant's family since 1853 when it was purchased by her grandfather. It is situate in the town of Bethany, Genesee County, at the northwest corner of the intersection of the Wyoming-East Bethany road with State Highway No. 8431 which is known as U. S. 20 and is a much traveled route.

In 1932, or thereabouts, when Route 20 was improved, the northwest corner of the intersection was cut back by acquiring from claimant, for highway purposes, a triangular piece of land which extended 165 feet northerly along the Wyoming-East Bethany road and, at right angles, about the same distance westerly along the center line of Route 20.

In 1945, State highway authorities, in the interests of safety and for the improvement of sight distances, decided that the northwest corner of the intersection should be cut back further. Accordingly, a piece of land in the amount of 0.188 acres was appropriated from claimant by a description and map filed in the Genesee County Clerk's Office on December 1, 1945, and served on the claimant January 12, 1946. This appropriation by the State of New York was made pursuant to chapter 544 of the Laws of 1944 being section 30 of the Highway Law as amended, which gives the Superintendent of Public Works authority to so acquire property for the purposes mentioned (subd. 2) and gives this court jurisdiction to make awards for the value of the property so appropriated and for the resulting legal damages (subd. 14).

It appears that this is the first claim to be presented to this court for decision since the enactment of chapter 544 of the Laws of 1944, which revised the practice in respect to acquiring rights of way for State highways by providing for direct appropriation thereof by the State rather than acquisition by the counties as formerly. The case has been tried in accordance with long-settled practice in respect to the trial of appropriation claims of which this court has had jurisdiction under other statutes, the court has viewed the property, and the issues have been submitted for our determination.

Claimant is entitled to recover herein for the value of the land appropriated and for " legal damages " (subd. 14). These include just compensation to the claimant for damages to the remainder of her farm resulting from the use to which the State has put the parcel which it required. (*County of Erie* v. *Fridenberg*, 221 N. Y. 389, 393.)

The parcel appropriated in 1945 lies immediately adjacent to that acquired by the county in 1932 and, like it, is also triangular in shape, the apex of the triangle being the most northerly point of the land acquired at the earlier date and its base being the northerly boundary of the State road. As stated, the parcel was taken for the improvement of sight distances. The State engineers removed and cleared away seven maple trees, two apple trees, a berry patch and some fencing from the land taken. In addition they cut away the earth embankment which existed alongside of and above the State highway as it extends, in a descending grade, easterly towards the intersection. In cutting back the bank the engineers destroyed the driveway which afforded entrance to claimant's premises from the east by a gradual ascent from a low point in the bank to the elevation on which claimant's dwelling and garage stand. The driveway was replaced by a dirt or gravel fill but this ascends abruptly over a steep grade and is inconvenient and hazardous at all times and particularly so in the wintertime.

All of these elements of damage were considered by the expert witnesses who testified at the trial. Their opinions on the value of the land taken, as bare land, and its enhancement by trees and fencing are not widely divergent and may easily be reconciled. The experts differ sharply as to the effect on the fair market value of claimant's farm consequent upon the removal of the shade trees and the cutting away of the embankment. We have weighed the testimony and have had the benefit of a view of the property. It is apparent that the physical transformation which opened the intersection to better sight distances for travelers speeding by on Route 20 took away from claimant's home the seclusion which it formerly enjoyed and deprived it of the easy, safe and convenient access which the old driveway formerly afforded. Claimant's property was thereby seriously depreciated.

Apparently a query made by the court on the occasion of viewing the property has led claimant's counsel to make the assertion, in his brief, that the State of New York, having taken the fee to the parcel of land, is in a position, at any time, to stop all traffic over it. Counsel further states that the Deputy Attorney-General " representing the State, said that was his judgment of the matter." In view of counsel's recollection of the discussion on the occasion in question let us now clear up any misunderstanding which may exist. The court did inquire, in substance, if the State engineers had the right to cut the embankment off sheerly at the taking line so that access

from an easterly direction would be physically impossible. Certainly, if the State could legally make access impossible claimant would be entitled to compensation accordingly. (*Board of Supervisors, Monroe County*, v. *Wilkin*, 260 App. Div. 366, motions for leave to appeal denied 260 App. Div. 995.)

However, that is not the law in this case. The land appropriated from claimant was taken for "purposes connected with the highway system." It became part of the right of way of State Highway No. 8431. This is not a parkway, such as there was in the *Wilkin* case (*supra*). Nor is it a controlled access highway, as defined in subdivision 2 of section 3 of the Highway Law. Claimant's rights are subject to the right of the State to regulate and control the highway for the benefit of the traveling public. (*Perlmutter* v. *Greene*, 259 N. Y. 327.) But as an abutting owner she has the right of access from and over the highway in its entirety to every part of her land and whether or not claimant owns the fee to the center of the highway, as it appears from her deed that she does, this right of access is one of which she cannot be deprived. (*Griefer* v. *County of Sullivan*, 246 App. Div. 385, affd. 273 N. Y. 515.) A finding herein to the effect that claimant, since the taking, has access from her farm and may cross over the land acquired from her to reach the travelled portion, or any part of State Highway No. 8431, is entirely consonant with the decision cited by claimant's attorney in his brief, viz., *Matter of County of Delaware* v. *Wakeman* (168 Misc. 644). Claimant's access has not been taken away. But as we have seen, it has been impaired and this impairment is a proper factor in her recovery herein.

We award damages for the land taken, with its appurtenances, in the amount of $725 and for consequential damages to the remainder in the additional amount of $1,500, together with interest as provided by statute. Findings in accordance with the foregoing.