HOMER W. ROBINSON, Claimant, *v.* STATE OF NEW YORK, Defendant.   (Claim Nos. 31884, 31885.)

Court of Claims, February 8, 1955.

*Edward P. Barrett* and *Warren W. Wells* for claimant.

*Jacob K. Javits, Attorney-General* (*David Marcus* of counsel), for defendant.

SYLVESTER, J.   This memorandum is in amplification of the conclusion that the appropriation, pursuant to section 676-a of the Conservation Law, did not landlock claimant's remainder and did not deny him access to and from his property.   In addition to the appropriation of two unlocated easements on the parkway proper, the taking, which is more fully described in the

findings, also included a triangular strip of land fronting both on the parkway and on Underhill Road, a town highway which is not a controlled access highway (Highway Law, § 3, subd. 2). The fee part was taken to accomplish a separation of grades in order to permit the Taconic Driveway to pass under Underhill Road. Claimant is entitled to access on Underhill Road over the fee portion taken by the State and enjoys the status of an abutting owner (*Griefer* v. *County of Sullivan*, 246 App. Div. 385, affd. 273 N. Y. 515; *Hoffman* v. *State of New York*, 45 N. Y. S. 2d 8, affd. 269 App. Div. 719). *Board of Supervisors of County of Monroe* v. *Wilkin* (260 App. Div. 366), is distinguishable on the facts from the case at bar. There it was said (p. 368): "This parkway is a part of the State park system, and while it will have a road for travel running through it, nevertheless it is essentially a park. The rule, laid down in *Perlmutter* v. *Greene* (259 N. Y. 327), that the 'right to have the highway kept open for * * * access as well as for travel [is] an "easement," ' is not applicable to a parkway of the kind here contemplated." It is the rationale of the cases that deny implied easement of access in parkway appropriations, that a parkway, not having been dedicated for street or highway purposes, is essentially a park, not a "street, avenue, road or highway" (*Buffalo, Lockport & Rochester Ry. Co.* v. *Hoyer*, 214 N. Y. 236, 248; *Matter of County of Westchester*, 246 N. Y. 314). In the *Wilkin* case (*supra*), however, the land taken was cut off from all access to any highway, a situation not here paralleled. Here, access to Underhill Road, by way of the fee portion taken by the State, is available to the claimant, as an abutting owner.

This view is fortified by the language of subdivision 2 of section 676 of the Conservation Law, which is indicative of the legislative purpose to afford an abutting owner a means of ingress and egress in a case such as this. And, to quote the Attorney-General (1946 Atty. Gen. 179, 181): "Where the acquisition of lands for parks or parkways results in the abutting owner becoming landlocked as stated in question number two, such owner by law is given a right of way by necessity over the lands so acquired which vests in him the right of access to a local road from his remaining lands."

For the foregoing reasons, it is held that claimant's remainder is not landlocked; that he is vested with the legal right of access to and from the local highway and that his damage is to be measured accordingly. An award is made in the accompanying findings.