HOMER W. ROBINSON, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claims Nos. 31884-31885.)

Third Department, March 21, 1957.

*Roderick B. Travis, Edward P. Barrett* and *Warren W. Wells* for appellant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Richard H. Shepp* and *James O. Moore, Jr.,* of counsel), for respondent-appellant.

GIBSON, J. The Taconic State Park Commission acquired for the State, by appropriation completed in 1951, pursuant to section 676-a of the Conservation Law, certain lands of claimant, consisting of a parcel of 2.38 acres. At the same time and by a like appropriation, the commission acquired and extinguished two easements owned by claimant, consisting of rights of way over State lands to the driveway of the Taconic Parkway. The judgment appealed from awarded claimant $12,500 for the property thus taken and for consequential damages to his remaining lands. Claimant appeals, contending that, in fixing damages, the court erroneously considered that he continued to have access to the public highway upon which the parcel taken

abutted. The State cross-appeals on the ground that the award was excessive.

The parcel taken was irregular in shape, extending some 465 feet along the easterly line of State lands used for parkway purposes and some 355 feet along the southerly line of a town or county highway, Underhill Road, all of claimant's frontage on the highway being taken. The depth, from Underhill Road south, of the parcel appropriated varied from 465 feet along the State lands on the west to a minimum of 90 feet on the east. The respective depths from the paved portion of Underhill Road were somewhat greater. Adjoining the parcel on the south were claimant's remaining lands of 142 acres, claimed to be suitable for development and sale as home sites.

Following the appropriation, the grade of Underhill Road was elevated above that of Taconic State Parkway to permit passage over the parkway by means of a highway bridge, and embankment slopes to support the easterly approach to the bridge were constructed within the area of the appropriation.

Claimant contends that the takings left him without access from his remaining lands either to Underhill Road or to the parkway proper. His witnesses as to value testified, on that assumption, to damages of $42,000 and more. The State's only expert testified to damages of $3,000, assuming access to Underhill Road. On that basis, he said there was no consequential damage. On his cross-examination, it appeared that he had at one time furnished to the State a report in which he advanced the opinion that the total damages would amount to $29,000 if claimant's remaining property were " landlocked ".

In an opinion (207 Misc. 325), the trial court held, and the State argues on this appeal, that the lands taken by the State contiguous to the local highway became part of the highway, so that claimant's remaining lands abut the highway and claimant enjoys the status of an abutting owner. If the entire 2.38 acre parcel did, in fact, become highway, claimant would have " a right of access from and over it in its entirety to every part of [his] land ". (Griefer v. County of Sullivan, 246 App. Div. 385, 386, affd. 273 N. Y. 515.) It seems to us very doubtful, however, that this was the State's theory at the time of the trial or the basis of the only testimony as to damages adduced by the State. Instead, so far as can be gathered from the record, the State apparently contended then that the appropriation left claimant with an implied way of necessity to the highway, that supposed easement being undefined, unlocated and, of course, far more restrictive (see Dalton v. Levy, 258 N. Y. 161) than the unlimited access of an abutting owner.

Thus, in "affirmation" of the implied easement, the State, during the trial, tendered claimant a deed purporting to grant him an easement, 50 feet in width and to be located by mutual agreement of claimant and the commission, extending from claimant's remaining lands, across the parcel taken, to Underhill Road. The State's expert as to value was indefinite as to the nature and extent of the presumed access to Underhill Road upon which his testimony was predicated. Asked if he assumed an easement 50 feet in width, he said, "No. I did not consider the width. I assumed that it would have ingress and egress."

The confusion resulting from the State's varying positions is not dispelled by the trial court's determination. Although the necessary basis of its opinion that claimant enjoyed the status of an abutting owner was that the parcel taken became part of the highway, the court also found, as requested by the State, the self-evident contradiction that the parcel "was subject to an implied easement of highway access".

We deem unrealistic in the extreme, and are constrained to disapprove, the holding that a landowner whose property is distant from the traveled portion of the highway more than 90 feet at the nearest point and some 465 feet at the farthest enjoys the privileges and conveniences of an abutting owner. The rights with which the State would thus clothe him seem empty indeed if they may not be effectively exercised. The theory that the local highway was widened, on one side alone by some hundreds of feet, by the State's acquisition of contiguous lands, may possibly be justified for some technical reason related to highway or parkway purposes but the great expanse of land thus denominated as highway for one purpose is not that for the practical and primary purpose of travel. The award of substantial consequential damages to the supposed abutting owner points up the anomaly, which is further heightened by the prospect of claimant's constructing one or more access roads of substantial length, if he might lawfully do so, within the bounds of a highway.

The State's original theory of an easement was advanced in too nebulous a form to permit a final determination and award of damages. The indefinite basis of the State's expert testimony as to damages on the assumption of some access, completely undefined, has been noted. The claimant's expert witnesses proceeded upon another theory, that of no access at all, and the case was decided upon still another. Obviously no satisfactory proof of damages can be adduced until the easement which the State contends claimant possesses has been defined and located by appropriate action on the part of the

State or by agreement. That the owner's rights were not defined by the express terms of the appropriation, but left to some possible implication, is, of course, the cause of the difficulty. The resulting prejudice to claimant is that, even after the entry of judgment, his record title remains such that, as he contends, he may well be unable to satisfy prospective purchasers in his proposed development, their title insurers or the local planning board, of adequate and permanent access.

If the State grants by deed, or otherwise provides, usable access to Underhill Road, an important effect on the right to consequential damage would result. No binding adjudication has been made, or in this kind of a claim for damages resulting from the taking would be appropriate, on the subject of such a right.

Both parties refer to section 676 of the Conservation Law, which permits the park commission to furnish access to a public road, but the commission failed to act under that statute and that, of course, is not a matter which we may consider.

The judgment should be reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Judgment reversed, on the law and on the facts, and a new trial ordered, with costs to abide the event.