■ LEWIS J. SPINNER et al., Appellants-Respondents, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 33586.) — Both the claimants and

the State appeal from a judgment of the Court of Claims awarding the claimants $12,300, with interest, for an appropriation of part of claimants' land in fee and part in the form of an easement. The sole controversy relates to the amount properly to be allowed for consequential damages as a result of the appropriation of the easement. The easement runs across the front of the claimants' property, upon which there stands a two-family residence. The easement covers a strip of land (now part of the claimants' front lawn) adjacent to the highway, 54 feet in width (the entire width of the claimants' land) and 12 to 14 feet in depth. It comes within 4 to 8 feet of the house and is only about 2½ feet from the front steps. The appropriation map provided for the taking of " A permanent easement to be exercised in, on and over the property above delineated for the purpose of constructing, reconstructing, and maintaining thereon embankments and/or excavations." The fee strip and the easement were appropriated in connection with an improvement of the approach to a circle at a highway intersection in the village of Johnson City, Broome County. The grade of claimants' land was raised 14 to 15 inches as part of the project. While no other work is planned at the present time, the expert witness for the claimants expressed the opinion that, in view of the fact that the State had the right to block access to the claimants' property completely by building an embankment of considerable height on the easement strip, the property was practically unsalable, except to a person who might be willing to gamble on the State's future action. On this basis, he found that the consequential damage resulting from the taking of the easement was about two-thirds of the value of the remaining property. The witness for the State, on the other hand, while recognizing the seriousness of the easement, took the view that an allowance of about one-quarter of the value was adequate, because he did not believe that the State would exercise its right under the easement to the fullest possible extent but would only use it in connection with a possible grade crossing separation which might ultimately replace the circle. Presumably, he believed that the embankment which would result from such a project would not cut off access to the property completely. The Court of Claims, in its decision, rejected the theory that the damages were to be determined in the light of anyone's guess as to the State's future action and found that the " State of New York by virtue of the permanent easement has the unquestioned right to occupy the whole of the parcel appropriated for easement purposes and to exclude claimants therefrom entirely at any time that the purposes of the easement set forth therein may require ". Nevertheless, the court did not allow the full damages testified to by the claimants' expert but made an award midway between that amount and the amount testified to by the State's expert. We believe that the damages allowed are inadequate, upon the present record. If the State wishes to limit its rights under the easement to the continuance of the presently existing use or to the prospective use envisaged by its expert, it should do so by formal action, by deed, release or otherwise. In the absence of such modification, the damage must be evaluated on the basis of what the State has the right to do under the terms of the easement as appropriated (cf. *Dillenbeck* v. *State of New York*, 193 Misc. 542, affd. 275 App. Div. 871; *Robinson* v. *State of New York*, 3 A D 2d 326). On the other hand, if the easement is limited to the present use, the amount of the present award may be found to be excessive. In his brief in this court, the Attorney-General suggests that, in the event of a future change of grade of the highway in front of the claimants' premises, the claimants will be able to recover consequential damages under section 159 of the Village Law and subdivision 15 of section 30 of the Highway Law, and he therefore argues that the amount testified to by the State's expert represents an adequate

allowance for the taking of the easement. The answer to this argument is two-fold: First, the easement is not limited to embankments or excavations in connection with changes of grade of the highway; the rights under the easement may be exercised for other highway purposes. Second, if an embankment were built upon the claimants' premises in connection with an elevation of the highway in the future, no damages would be recoverable on account of the cutting off of access by the embankment, because that would be fully covered by the easement, and it might well be held that no additional damages were recoverable on account of the change of grade of the highway because the change of grade would not add to the damage already caused by the existence of the embankment. Upon the claimants' appeal, the judgment is reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. The State's appeal is dismissed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.