Milton Albert, J.
Claimants own a one and one-half story stone and frame house located on an-acre-plus parcel of land extending between the easterly side of North Washington Street ('State Route No. 385) and the Hudson River in the Village of Athens in Greene County. The house has pre-Revolutionary War origins, being originally constructed in 1724 and has been marked by the State Education Department as a home with historical significance. When the claimants acquired the property in June of 1948, it was in a badly run-down condition. Claimants thereafter made substantial repairs to the building to restore it to a habitable condition.
*491 In 1958 and 1959, the 'State reconstructed Route No. 385, including that portion of the highway directly in front of claimants’ house. None of claimants’ property was appropriated for the reconstruction of the road. However, in the reconstruction of the highway and the abutting sidewalks, the State raised the sidewalk grade so that after the construction the sidewalk was 12 to 18 inches above the grade as it existed prior to the reconstruction. Claimants allege that the change in grade resulted in damage to their property.
The claim was filed pursuant to a special act of the Legislature in 1965 (ch. 195). The claim was tried and a decision accompanied by findings of fact and conclusions of law was made by the trial court on August 16, 1968 dismissing the claim on the ground that there was no taking of any of claimants’ lands and that no change was made in the grade of the highway in front of claimants’ property. The claimants appealed therefrom and by a decision of the Appellate Division entered April 13, 1970 (Williams v. State of New York, 34 A D 2d 101) it was determined that although there was no taking of claimants ’ property as determined by the trial court, the grade change of the sidewalk was a change of grade within the meaning of section 159 of the Village Law and that the claimants are entitled to be compensated for any damages resulting therefrom. The trial court did not make any damage findings, and so the case was remitted by the Appellate Division for the purpose of making damage findings resulting from the change of grade.
As the Trial Judge who first heard the case had died prior to the disposition of the appeal, the case, upon remission, was assigned by the Presiding Judge to the undersigned for disposition in accordance with the decision of the Appellate Division. Counsel for both sides thereafter advised the court that a further trial was unnecessary and that the case could be decided on the basis of the record and exhibits in the original trial.
The court recently viewed the property in the company of the claimants and counsel for the State.
On the basis of the court’s view of the property, review of the above-described decision and findings of the court and the decision of the Appellate Division, review of the record, exhibits and appraisals, and study of memoranda recently submitted by both counsel, the court finds as follows:
1. The highest and best use of the property before the appropriation was residential with a background of historic sig *492 nificance. After the appropriation, the highest and best use was the same except as limited by the adverse effects of the change of grade of the sidewalk.
2. In addition to the finding of the Appellate Division that the sidewalk had been raised 12 to 18 inches, the court hereby finds that there was a well installed for the cornerstone at the southwestern corner of the building as it bordered near the sidewalk, and that another well was installed below a first floor window and near the entranceway to the building where there is a window or opening to the cellar. Before the construction work was done, the sidewalk in front of the building was at the same level as the entranceway to the building. This was not the situation after the construction work was done. The construction work raised the sidewalk and it is now necessary to step down two steps from the sidewalk level to a well-type area, which now constitutes the entranceway area to the front door. Furthermore, when substantial rain or snow storms occur, it is apparent that drainage from the highway can reach the sidewalk and run over and down into the well area that constitutes the entranceway to the front door. Thus, water can now find its way into the building on such occasions despite a drain structure that was installed in the well area and there was testimony which the court finds to be credible that this did occur. There also was testimony which the court finds to be credible that after the grade of the sidewalk was raised, water came into other areas of the building and that this was not so in the before situation.
The court also finds that the view from the front windows was lowered in that the bottoms of such windows were above the highway grade in the before situation but are at or near highway grade in the after situation.
3. With respect to the fair market value of the land, the court adopts the State’s appraiser’s $2,000 before value as the before fair market value thereof. There was no direct taking. The court finds that the land had the same after fair market value; namely, $2,000.
4 With reference to the before fair market value of the building and improvements, the court has considered claimants’ appraiser’s Sales 1, 2, 3, 5, 6 and 7 and State’s appraiser’s Sale 8 as appropriate for comparability. The court views claimants’ appraiser’s Sale 4 and State’s appraiser’s Sales 9 and 10 as inappropriate for before value comparability. Based on (a) study of the sales first enumerated, (b) consideration of the fact that old stone homes in the Hurley area *493 command a higher price (see State’s appraiser’s use of his Sales 4, 5, 6 and 7 to demonstrate this), (c) consideration of the land areas that were involved in the sales first enumerated, (d) consideration of the buildings and improvements themselves including photographs thereof in evidence, as they compared with each other and with the subject building, (e) the relative conditions of the sales properties as of the dates of their respective sales as against the condition of the subject building and improvements as of the time of the State’s change of grade, (f) the fact that the historic background of the building may be considered (State v. Wemrock Orchards, 95 N. J. Super. 25), and (g) the limited extent of the State’s appraiser’s examination of the building before he prepared his appraisal, the court finds that the building and improvements had a before fair market value of $17,000.
With respect to the after value of the building and improvements, the court refers to the claimants’ appraiser’s after value of $9,000, the 'State’s appraiser’s after value of $9,100, claimants’ appraiser’s Sale 4, and State’s appraiser’s Sale 9 and finds that the after fair market value of the building and improvements was $9,000.
5. The court substraéis the above after fair market value of the buildings and improvements from their before fair market value and finds that claimants were damaged to the extent of $8,000, all of which is indirect or consequential damage.
6. The parties have raised a question as to how interest should be computed. Claimants point to section 198 of the Highway Law which provides: “ § 198. Interest on damages for change of grade. Whenever awards shall be lawfully made, pursuant to any statute of this state, for damages sustained by real estate or any improvements thereon by reason of any change of grade of any street, avenue or road in front thereof, the award for the principal amount of damages sustained shall bear interest at the rate of six per centum per annum from the time of the change of grade to the time of the payment of the award”; whereas the State points to subdivision 1 of section 19 of the Court of Claims Act which provides: “ § 19. Proceeding upon failure of claimant to file claim within six months or to appear or proceed. 1. If a claim which bears interest is not filed until more than six months after the accrual of said claim, no interest shall be allowed between the expiration of six months from the time of such accrual and the time of the filing of such claim.”
*494 Such section 198 of the Highway Law, which is in the current article 8 of such law which relates to town highways, was originally added to the Highway Law by chapter 701 of the Laws of 1910, and was then inserted in article 4 of such law which dealt with the general powers and duties of town superintendents and in which there are numerous references to town highways. However, the language of the 1910 addition was general in terms in its application to changes of grade and was not by its terms restricted to town highways; it has been judicially construed as being generally applicable to changes in grade wherever they occurred in the State[1] and as including applicability to changes of grade in specific cities (People ex rel. Central Trust Co. v. Prendergast, 202 N. Y. 188; Matter of Crane v. Craig, 230 N. Y. 452; Matter of 149th St. Realty Co. v. Prendergast, 179 App. Div. 786, affd. 222 N. Y. 654; Matter of Syracuse Trust Co. v. Pugh, 128 Misc. 63).
The Court of Claims Act provision dates back to chapter 341 of the Laws of 1928, which the court hereby construes to be a general law and a later law. Accordingly, the court finds that it is faced with two general laws, with the Court of Claims Act provision being the later of the two. Furthermore, subdivision 15 of section 30 of the Highway Law, as added in 1944 (L. 1944, ch. 544), also is a later law. Under familiar rules of statutory construction, where two general laws are under consideration, the general law enacted later in time is construed to govern in the event of inconsistency between them (Latham Enterprises v. State of New York, 20 Misc 2d 1018, 1021 et seq. Sowma v. State of New York, 203 Misc. 1105; McKinney’s Cons. Laws of N. Y. Book 1, Statutes, § 398).
The court finds that there is a clear inconsistency between the two laws as they relate to the computation of interest and that the Court of Claims Act provision, being the later enactment of the Legislature, should govern.
*495 The court finds that the special act of 1965, in effect, removed the bar of an applicable Statute of Limitations and revived claimants ’ remedy to pursue their cause of action which accrued when the change of grade was effectuated but with respect to which they did not originally file a timely claim against the State.
Accordingly, interest will be computed pursuant to subdivision 1 of section 19 of the Court of Claims Act, for a period of six months following the effectuation of the change of grade — from November 4, 1959[2] to May 4, 1960 — and then from September 14, 1965, the date on which the instant claim was filed pursuant to the special act of 1965, to the date of entry of judgment herein (Ley v. State of New York, 28 A D 2d 943, 944).
The claimants are awarded the sum of $8,000, all of which is indirect or consequential damage, plus interest from November 4, 1959 to May 4, 1960 and from September 14, 1965 to the date of entry of judgment herein.

. At the time of enactment of section 198, rights of way for highways were acquired by local governments and not by the State (Stevens v. State of New York, 190 Misc. 727, 728 third full par.). The instant claim against the State in this court is founded, as stated in the decision of the Appellate Division, on section 159 of the Village Law, via subdivision 15 of section 30 of the Highway Law, the latter having originally been enacted in chapter 544 of the Laws of 1944. By then the general interest provision in subdivision 1 section 19 of the Court of Claims Act, had already been enacted. Thus, the inconsistency here under consideration has, in effect, existed with respect to changes of grade generally since the effective date of the 1944 statute (cf. Knights v. State of New York, 161 Misc. 552, affd. 251 App. Div. 781, mot. for lv. to app. den. 275 N. V. 650, which related to a change of grade resulting from a grade crossing elimination).

. In an affidavit of Assistant Attorney-General Michael F. Bergan filed November 23, 1966, it is stated that the work was completed on November 4, 1959 and that the contract work was accepted on November 16, 1959. Claimants, in paragraph 11 of their claim, say that the work was completed on or about November 10, 1959. The court has adopted the November 4, 1959 date for application here.