Milton Alpebt, J.
This is a motion by claimants for an order to amend the judgment entered by the.Clerk of this court pursuant to the decision of this court in Williams v. State of New York (65 Misc 2d 489) dated December 1, 1970. The motion relates to the rate of interest that properly should be paid.
On December 1, 1970 and following the decision of the Appellate Division, Third Department herein (Williams v. State of New York, 34 A D 2d 101), this court entered a decision awarding claimants $8,000 in damages as a result of a change in the grade of the highway abutting claimants’ premises. All of the damages were indirect or consequential. Interest on the award was allowed by the court for the periods from November 4, 1959 to May 4,1960, and from September 14,1965 to the date of entry of judgment.
On January 19, 1971, the Clerk of the court entered judgment in accordance with the decision, including interest for the stated periods computed at the rate of 4% per annum. The claimants now move for an order amending the judgment to provide for interest at the rate of 6% per annum.
The questions of the periods of time with respect to which interest would accrue and the rate of interest as between section 198 of the Highway Law and subdivision 1 of section 19 of the Court of Claims Act were raised by the parties prior to the decision of December 1,1970. This court, as explained in detail in its decision, allowed interest periods in accordance with subdivision 1 of section 19 of the Court of Claims Act (Williams v. State of New York, supra). With respect to the rate of interest, the court hereby confirms its decision that the Court of Claims Act provision is applicable to the instant claim and that section 198 of the Highway Law is inapplicable thereto.
Under the statute applicable to the Court of Claims Act provision (State Finance Law, § 16), interest at the rate of 6% per annum is to be paid from August 1, 1966 “ upon any judgment * * * against the state arising from the acquisition of real property bv appropriation. ’ ’ Subdivision 2 of section 30 of the *945 Highway Law defines the term “ property ” to include “ lands, waters, rights in lands or waters, structures, franchises and interests in land, including lands under water and riparian rights, and any and all other things and rights usually included within the said term and includes also any and all interests in such property less than full title, such as easements permanent or temporary, rights-of-way, uses, leases, licenses and all other incorporeal hereditaments and every estate, interest or right legal or equitable. ’ ’
Section 159 of the Village Law imposes liability upon a village for damages resulting from a change in grade made by the village, and when the work resulting in the change of grade is done by the State rather than the village, subdivision 15 of section 30 of the Highway Law imposes such liability on the State. The State’s liability here is thus derived (Williams v. State of New York, 34 A D 2d 101, 103).
Abutting property owners have attached to their property and land easements of access, light and air from the street or road (3 Nichols, Eminent Domain, § 10.221 [2]). In the claim at bar, the change in grade brought the damage suffered by claimants within the language of subdivision 2 of section 30 of the Highway Law and thus within the language of section 16 of the State Finance Law concerning interest payable for appropriations.
Furthermore subdivision 1 of section 159 of the Village Law states “If such change of grade shall injuriously affect any building or land adjacent thereto, or the use thereof, the change in grade, to the extent of the damage resulting therefrom, shall be deemed the taking of such adjacent property for a public use ” (emphasis supplied). Here, again, the language used, via subdivision 15 of section 30 of the Highway Law brings the damages suffered here within the language of section 16 of the State Finance Law with respect to acquisition by appropriation.
Accordingly, the court views the damages sustained by the claimants to be the result of a taking or appropriation by the State of New York of an interest of the claimants in their rights to their land, their use of their lands, and their easements over and to the highway. There being, therefore, an appropriation of property rights, the 6% interest rate of section 16 of the State Finance Law applies.
The change in interest rate from 4% to 6% per annum effective August 1,1966 (State Finance Law, § 16, as amd. by L. 1966, eh. 921), does not have a retroactive application (People ex rel. Emigrant Ind. Sav. Bank v. Sexton, 284 N. Y. 57, 62; Rose v. *946 State of New York, 29 A D 2d 1003,1006, mod. on other grounds 24 N Y 2d 80).
Accordingly, the court finds that in the instant claim, the judgment should be amended so that it provides for interest at the rate of 4% per annum for applicable periods prior to August 1, 1966, and at the rate of 6% per annum for the applicable period on and after August 1,1966.