Harry Edelstein, J.
In this special proceeding pursuant to article 7-A of the Real Property Actions and Proceedings Law, an administrator of the subject real property was appointed on March 5, 1976. Orange and Rockland Utilities, Inc., which is not a party hereto, advised the court by letter dated June 30, 1976, of its intention to terminate utility services (electricity and gas) because of alleged arrears.
There is no precedent to guide the court in its formulation of the answer to the question before it, viz.: May a utility company terminate utility service to real property under the management of an administrator appointed pursuant to article 7-A of the Real Property Actions and Proceedings Law, for service charges owed to the utility company by the owner of the administered property?[1]
The purpose of article 7-A of the Real Property Actions and Proceedings Law is to provide a legal means to remedy conditions which are dangerous to the life, health, or safety of tenants of a multiple dwelling. (Real Property Actions and Proceedings Law, § 769, subd 1.) In order to effectuate this purpose, the statute provides that the court-appointed administrator "shall dispose of the rents and other monies deposited with him” according to the prescribed priority. (Real Property Actions and Proceedings Law, § 778, subd 1; emphasis added.) In light of the rule of inclusio unius est exclusio altérius, it is clear that no expenditures other than the specified ones may *953 be made by the administrator. Further, the demanded payment would, in effect, give a preference to the utility company among all the creditors of the owner. That is to say, the utility company seeks to be paid in full by the administrator, though any number of other persons are creditors of the owner. By analogy to the Bankruptcy Act and the Debtor and Creditor Law, it seems inappropriate, without legislative authority, to prefer one creditor over others.
Therefore, the court rules that the administrator may not make good any obligation incurred prior to the date of his appointment.
The utility company’s reference to Transportation Corporations Law (§§ 12, 15) and to the Public Service Law (§ 116) is unpersuasive. Article 7-A of the Real Property Actions and Proceedings Law is a remedial statute, and is to be construed liberally. (Matter of Himmel v Chase Manhattan Bank, 47 Misc 2d 93.) As between the public policy embodied in Article 7-A, and the private rights set forth in the Transportation Corporations Law (§§ 12, 15) and the Public Service Law (§ 116), the public policy ought to prevail. A statute intended to promote the public welfare ought to be construed so that its intended purpose is achieved. (People v Eisen, 77 Misc 2d 1044, 1046, affd 79 Misc 2d 829.) In addition, article 7-A is a subsequently-enacted statute in relation to sections 12 and 15 of the Transportation Corporations Law,[2] and governs the implied inconsistency between them. (Williams v State of New York, 65 Misc 2d 489, 494, mod on other grounds, 65 Mise 2d 943, on remand from 34 AD2d 101.)
Given the illegality of the demanded payment, the utility company’s intended termination places the administrator in an untenable position. If the demanded payment is made, the administrator acts in violation of the law. Also, the drain on the administrator’s capital would make it impossible for him to effect the required repairs, and the administratorship fails. If the threat is ignored, and either utility service is terminated, the multiple dwelling would be uninhabitable, and the administratorship fails.
They are dangerous waters indeed which the utility company would have the administrator navigate. Heeding the utility company’s siren call for payment would dash the *954 administratorship against the rock of illegality and the rock of insolvency. Termination of utility service is the whirlpool which would sink the administratorship, and leave not a trace. Neither prospect is acceptable.
It is not without reason, then, that the court finds that immediate and effective judicial action is warranted. The court, as Circe to the administrator’s Odysseus, must help him escape both dangers. The court must fashion a remedy within its powers.
Accordingly, an order restraining Orange and Rockland Utilities, Inc., from termination of electricity and gas services, or either of them, at the administered property shall issue.

. The past-due service charges are owed by the owner of the real' property, not by the administrator, and were incurred prior to the appointment of the administrator. Current fuel bills for the period of the administratorship are paid by the administrator pursuant to statutory authority. (Real Property Actions and Proceedings Law, § 778, subd 1 par [a].)

. Section 116 of the Public Service Law is a later-enacted statute, but this law provides only for notices of discontinuance, and is actually a limitation on sections 12 and 15 of the Transportation Corporations Law.