■ LEGISLATURE OF THE COUNTY OF MONROE, Respondent, v JOHN H. MORGAN et al., Appellants, and JAMES C. ST. AMAND et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Respondents appeal the adequacy of a judgment awarding damages for a partial taking of their land in the Town of Ogden. Prior to the taking, respondents' three- and one-half acre parcel had frontage on two roads, one of which (Gillett Road) ran in a north-south direction along the parcel's east side, and the other (Spencerport Road) in a northwest-southeast direction along the parcel's westerly side. These two roads converged at the southern tip of respondents' land and there intersected with Route 31, an east-west highway. To alleviate traffic problems, petitioner relocated Spencerport Road by abandoning that part which ran along respondents' land and by constructing a new highway running westerly from Gillett Road. Construction of the relocated road required the taking of a half acre from the north end of respondents' land. There was no taking of land along the abandoned highway. Respondents' appraiser testified that the difference between the before and after values of the property was $37,000. Additionally, respon-

dents proved that following the abandonment and taking there was an actual decrease of $250 in the monthly rental received from the property. The judgment awarded respondents $6,982 for the taking, plus an additional award, agreed to by petitioner, of $3,300 for the purpose of constructing a driveway to the relocated highway. While neither of these awards is contested on appeal, respondents contend that the court erred in declining to award consequential damages. We disagree. So long as suitable access to the land remains, damages caused by relocation of a highway are not compensable (La Briola v State of New York, 36 NY2d 328; Licht v State of New York, 277 NY 216, 220; Jones Beach Blvd. Estate v Moses, 268 NY 362, 368; Van Aken v State of New York, 261 NY 360; 26 NY Jur, Highways, §§ 306, 313). A property owner "is not entitled to damages incurred because access is no longer as direct as it once was or because the new or remaining access is less than ideal." (Bopp v State of New York, 19 NY2d 368, 372.) Here, access to respondents' land remains through two curb cuts in Gillett Road, and is adequate to provide entry into the parking area of the property. Additional access will be provided upon construction of the driveway for which the $3,300 award was made. Respondents' claim of consequential damages is based almost exclusively upon the asserted obsolescence of the commercial building located on the property. Such obsolescence, however, results from the building having been so positioned as to attract entry by customers from Spencerport Road rather than from Gillett Road. Thus the damage incurred is clearly the result of the abandonment and not of the taking. Similarly, respondents' claims of loss of ability to expand and lessening of corner influence are also the product of the abandonment. Finally, the record demonstrates that there was no consequential change in the regularity of the shape of the property as a result of the taking. (Appeal from judgment of Monroe Supreme Court—condemnation.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.