■ MARY M. ROSS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 62220.) — Appeal from a judgment in favor of claimant, entered June 17, 1981, upon a decision of the Court of Claims (Hanifin, J.). On April 4, 1978, the State appropriated claimant's private sidewalk, 73 feet in length and nine feet in width (657 square feet), which ran along the Main Street side of claimant's building located on the northwest corner of Fairview and Main Streets in the City of Oneonta, New York. The building is a two-story steel-concrete brick

---

structure constructed in 1928, and occupies about 75% (approximately 5,159 square feet) of the lot, which contains 6,910 square feet. Claimant operates a grocery store on the building's first floor. Next north is a reflexologist's office occupied by claimant's brother. A barber shop and a bar and lounge adjoin in that order northerly. Four apartments are located on the second floor. The appraisers for both parties agree that the building is structurally sound and in good condition, that the highest and best use of the ground floor is commercial, and that the highest and best use of the second floor is apartments. Adjoining the private sidewalk appropriated herein was a nine-foot public sidewalk that ran parallel to the sidewalk appropriated. The appropriation brought the highway that was constructed nine feet closer to the Main Street face of claimant's building and placed the State's highway right of way line at the wall of the building. In addition, the State demolished the original sidewalk and replaced it with a new nine-foot sidewalk within the fee taking. Although the appraisers for both parties principally relied on the income approach method of evaluation, their conclusions were widely disparate. Based on their respective conclusions of value, the appraisers assessed damages as follows:

CLAIMANT

|  | TOTAL | DIRECT | INDIRECT |
|---|---|---|---|
| Land | $4,200 | $2,630 | $1,570 |
| Land Improvements | 600 | 600 | 0 |
| Building | 87,200 | 0 | 87,200 |
| Fixtures | 1,200 | 0 | 1,200 |
| Totals | $93,200 | $3,230 | $89,970 |

STATE

|  | TOTAL | DIRECT | INDIRECT |
|---|---|---|---|
| Land | $2,608 | $1,543 | $1,065 |
| Land Improvements | 600 | 600 | 0 |
| Building | 0 | 0 | 0 |
| Fixtures | 0 | 0 | 0 |
| Totals | $3,208 | $2,143 | $1,065 |

The Court of Claims determined the damages at the time of the appropriation (*Spinner v State of New York*, 4 AD2d 987) to be $12,022, which it allocated in the following manner:

DIRECT DAMAGES

| Land | 657 sq. ft. at $3/sq. ft. | $1,971 |
|---|---|---|
| Land Improvements | | 600 |
| | | $2,571 |

CONSEQUENTIAL DAMAGES

| Land | 6,253 sq. ft. at $0.20/sq. ft. | $1,251 |
|---|---|---|
| Building | | 7,000 |
| Fixtures | | 1,200 |
| | | $9,451 |

TOTAL DAMAGES $12,022

There is little dispute on this appeal with the direct damages found by the court and they are well within the range of the testimony offered by both parties. As to consequential damages, the court found they flowed from three

sources: (1) reduction in the size of claimant's lot; (2) the loss of display utility in front of the store, and (3) the resulting noncompliance with the local zoning law, since the appropriation reduced the land square footage and resulted in the building occupying 82% of the lot, whereas a maximum of 80% is allowed by ordinance. In view of this finding, the court considered the expenses that would be incurred in order to obtain the necessary variance to correct this relatively minor violation and included such expense in its award of consequential damages (*Vlachos v State of New York*, 42 AD2d 622). The court rejected claimant's appraisers' estimate of consequential damages upon a finding that the elimination of the sidewalk was within the State's original right of way, that the State was free to change, and that, as a result, no damages accrued to claimant. The court further concluded that claimant sustained no loss of suitable access following the appropriation due to the installation by the State of the new nine-foot sidewalk. Such determination kept the highest and best use the same after the appropriation as before (*Red Apple Rest v State of New York*, 27 AD2d 417). Contrary to claimant's appraisers' contention that the highest and best use was limited after the taking, the court found that if the State further altered the sidewalk it had installed, additional damages could be sought at that time. Quite generously, but well within the testimonial range, the court allowed $7,000 for loss of display space, plus the expenses of applying for the zoning variance. As to the reduction in the size of the lot as the result of the taking, the court reduced the square foot value of the land remaining from $3 per square foot prior to the taking of $2.80 afterwards and arrived at a consequential damage figure of $1,251. Inasmuch as claimant does not dispute the amount of $1,200 for fixtures, the total sum of $9,451 as consequential damages was fair, reasonable and appropriate. This amount, when added to the direct damages found of $2,571, for a total of $12,022, with interest from April 4, 1978, was appropriately determined and the judgment should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.