## Jeffries v. Hignite, et al.

(Decided December 5, 1924.)

### Appeal from Leslie Circuit Court.

1. Partition—Parties Who Elected to Take Under Partition Cannot Question Title to Portion Allotted Other Party.—Parties to partition proceeding who elected to take under partition, and who took possession of the portion allotted to them, are estopped to question title to portion allotted to other party.

2. Public Lands—Patents Embracing Land Previously Granted Void.—Under Ky. Stats., section 4704, patents embracing land previously granted held void.

3. Trespass—Plaintiff Not Required to Trace Title Farther than Common Source.—In suit to enjoin trespass, in which the evidence showed that plaintiff and defendants both claimed title under same predecessor, plaintiff was not required to trace title farther back than such predecessor.

4. Estoppel—One Cannot Claim Both Under and Against Same Instrument.—One cannot claim both under and against the same instrument.

LEWIS & LEWIS and JAMES H. JEFFRIES for appellant.

CLEON K. CALVERT, L. D. LEWIS and M. C. BEGLEY for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Jeffries, the plaintiff below, claims to own 202 acres of land, and he sued to enjoin the appellees from entering and committing certain trespasses thereon. There was a judgment for the appellees, refusing the relief sought by appellant, and adjudging them the owners of the land in controversy. Appellant has appealed.

In 1893, and for many years prior thereto, one Moses Hignite resided upon a large boundary of land, containing about 1,200 acres, situated on Trace branch of Middle fork. He had a deed for this boundary of land, made to him in August, 1887, although he had been living upon the boundary as a home for a number of years before the execution of that deed.

In August, 1893, he made his will, by which he devised his land to his sons, Joe Hignite, Abijah Hignite, Elihu Hignite and Henry Hignite, and after making this will, in October, 1893, he and his wife executed a deed by which they conveyed this land to these four sons. Moses Hignite died on May 9, 1896. On November 29, 1894, Joe Hignite died intestate, and left surviving him his widow, Martha Hignite (who is now Martha Baker, she having remarried), and three children, Bell Hignite Halliday, John Y. Hignite and James Hignite. Abijah Hignite died intestate on October 20, 1895, and left his widow, Nancy A. Hignite, and four children, Emily Hignite, Moses Hignite, Peter Hignite and Mollie Hignite. On May 16, 1897, Elihu Hignite died intestate, and left surviving him his widow Judy Hignite, and two children, Joe Hignite and Vicy Hignite.

After these deaths, on December 3, 1898, in a suit begun by Rachel Hignite, the widow of Moses Hignite, the lands of Moses Hignite were partitioned, 227 acres were allotted to the heirs of Joe Hignite, 268 acres to the heirs of Abijah Hignite, 205 acres to the heirs of Elihu Hignite, 202 acres to Henry Hignite, and 330 acres were allotted to the widow as her dower, she having attacked the deed made in October, 1893, and succeeded in having same declared void, so far as her dower interest was concerned.

By mesne conveyances, the 202 acre tract allotted to Henry Hignite has passed to and is now owned by the appellant Jeffries, and is the subject of this controversy.

When Jeffries filed his petition and sought to enjoin the appellees, who are the heirs of Joe Hignite, from cutting timber and making other trespasses upon this 202 acres they answered and claimed to be the owners thereof under patents issued to their father by the Commonwealth, and which they had inherited from him, and the court below sustained their contention, and dismissed the appellant's petition.

At the time of the partition of the land of Moses Hignite, it was then claimed and asserted that certain parts of this Moses Hignite survey were the property of Joseph Hignite, under patents from the Commonwealth, and in the judgment in the old case the following is found: "Now, the court is of opinion and adjudges that since these parties based their right to a division of this land among themselves, to the exclusion of the other

heirs and children of the said Moses Hignite upon said
will and deed . . . that the heirs of the said Joseph
Hignite are estopped from claiming that the said Joseph
Hignite was the owner in his own right of any of said
lands, . . . it being now held and adjudged by the
court that the four surveys included in the division, two
of which are in the name of Joe Hignite and two of which
are in the name of Abijah Hignite, are and were ever
since the making and publishing of said will to the ac-
ceptance of its provisions by the ancestors of these heirs,
the property of the estate of the said Moses Hignite for
all purposes of division in this case.''

No appeal was prosecuted from that judgment, and
the heirs of Joseph Hignite entered into and are now,
we suppose, still in possession of the 227 acres, allotted
to them in that partition. Having elected to take under
that partition deed they cannot now be heard to question
the title to the portion that was allotted to Henry Hignite
in the same partition.

In Vincent, etc. v. Blanton, etc., 134 Ky. 590, 121 S.
W. 466, 135 Am. St. Rep. 424, this court said: ''The rule
is, not only is all that was at issue in the previous suit
concluded by its judgment, but all that should have been
at issue in that suit is likewise concluded, else we would
have the trial of lawsuits by piecemeal. There would
be no end to a litigation.''

Besides, it is shown by the record that the two Joseph
Hignite patents under which the appellees claim, were
surveyed in the year 1890 and issued in the year 1891,
the serial number of one of them being 64071, the other
64072. These two grants form the sole basis of appel-
lees' claim of title herein.

In the preparation of this case they took the deposi-
tion of a surveyor, J. T. Fitzpatrick, and by him it was
proved that the premises covered by patents 64071 and
64072 are embraced in and covered by a grant for 68,800
acres, issued in 1872 to one Stephen G. Ried.

By section 4704 of the Kentucky Statutes it is pro-
vided: ''None but vacant land shall be subject to appro-
priation under this chapter. Every entry, survey, or
patent made or issued under this chapter shall be void,
so far as it embraces lands previously entered, surveyed
or patented.''

Thus the appellees herein and their father, Joseph
Hignite, never at any time had any title whatever to any
of these lands, except such title as Joseph Hignite ac-

quired under the will and deed made to him and his brothers by his father, Moses Hignite.

The record in the old suit, and the testimony of the appellant and R. L. Blakeman and Judge William Lewis, show conclusively and without doubt, that both the appellant and appellees claimed title to the land in controversy under Moses Hignite. Therefore, in this case, it was not necessary for the appellant to trace his title farther back than Moses Hignite, and because of the record made in the other suit, and because of their having accepted the 227 acres allotted to them therein, the appellees are barred and estopped from denying appellant's title to this 202 acres, and as the appellees are, we suppose, still in enjoyment of the 227 acres they acquired under this partition, they cannot question the title of the 202 acres which appellant holds under this same partition.

It is well settled in this state that a person cannot claim both under and against the same instrument. Christen, et al. v. Christen, et al., 184 Ky. 822, 213 S. W. 189.

This judgment is reversed and the cause remanded for further proceedings consistent with this opinion.