Louis F. Licht and Emma L. Licht, His Wife, Respondents, Appellants, v. The State of New York, Appellant, Respondent.*
(Claim No. 23336.)

Third Department, July 2, 1937.

---

*Modfg. and affg. 161 Misc. 149.

John J. Bennett, Jr., Attorney-General [Leon M. Layden, Assistant Attorney-General, of counsel], for the defendant, appellant, respondent.

Edwin G. Jenkins, for the claimants, respondents, appellants.

HILL, P. J. The claimants have recovered in the Court of Claims a judgment against the State for $20,000, with interest from December 15, 1932, the date when the State appropriated certain lands adjacent to those owned by the claimants, the damages being allowed for the appropriation " of claimants' easement in the ancient public highway known as ' public road leading from Lakeville road, west, and thence south to Marcus Avenue ' which ancient public road abuts claimants' property on its northerly and westerly side." There was a taking by the State not only of such rights as claimants might have to pass over the " ancient highway " in a southwesterly direction to its intersection with Marcus avenue, but also claimants' easement to bring gas, electric light, water and telephone facilities from Marcus avenue across the lands upon which the Northern State parkway was constructed. In the decision there was a finding that to bring these facilities to claimants' property from another direction would involve an estimated increase in cost of $3,800. The claimants' appeal asking that damages be increased. The State appeals, asserting that Nassau county alone is liable for such damages as claimants have suffered; that the Court of Claims was without jurisdiction as

there had been no appropriation by the State and further, that the damages, if any, which claimants have suffered are *damnum absque injuria*.

Claimants' premises consist of eleven acres of land purchased for a very substantial price and were formerly a part of a thirty-eight-acre tract described as the Vanderbilt properties. Their land formerly was bounded on the southerly and easterly sides by the remaining Vanderbilt properties and on the north and west by the ancient road leading from Marcus avenue at a point southwest of the premises to Lakeville. The Northern State parkway, a boulevard two hundred and fifty or three hundred feet wide, was constructed immediately south and adjacent to the premises, at a level fifteen or twenty feet below the grade of the old Lakeville-Marcus avenue road. The sides are parked and trees are planted. It has detracted from the beauty and lessened the value of claimants' property. The bed of the old road toward Marcus avenue from claimants' southwest corner is now a part of the parkway. The present approach to the premises is over the ancient road from Lakeville. The topography of the eleven acre tract adds to its value, some parts being of an elevation which permits a view of the ocean and Long Island sound. The difference in elevation between the property and the parkway is such that there is no entrance thereon. In going from the premises to Jamaica and New York one formerly passed over the old road to Marcus avenue and thence to his destination, now the way through Lakeville is more circuitous. And while formerly the property fronted on a usable road with an exit at each end, it is now on a *cul de sac*.

The claim for damages is divisible into two parts; claimants' easement to construct upon the land taken equipment to permit the bringing of gas, electricity and telephone facilities from Marcus avenue to their property was appropriated when the parkway was constructed. This was the taking of such an interest in real property as to require compensation. (Conservation Law, §§ 777, 779.) In the construction of the parkway the State acted through the Long Island State Park Commission. It took claimants' easement by appropriation.

Some of the witnesses on damages mention the fact that the parkway is constructed at a lower level than claimants' adjacent lands. For this they may not have compensation. (*Matter of Grade Crossing Comrs.*, 201 N. Y. 32.) Sixteen thousand two hundred dollars of the judgment ($20,000 less the $3,800 estimated as value of the utility easements) was allowed as it appears from the decision to compensate for the loss of " claimants' easement of access in the public highway * * * in one direction."

The authorities relied upon by claimants are *Reis* v. *City of New York* (188 N. Y. 58); *Matter of Hoyt* (162 App. Div. 469; affd., 213 N. Y. 651); *Matter of Corporation Counsel of City of N. Y.* (188 App. Div. 668; appeal dismissed, 228 N. Y. 523) and the like. This line of cases established the doctrine that when real property is purchased with reference to a map showing that it abuts upon a street open at each end, that there is a covenant running with the land that the street shall be kept open at each end, at least until it intersects another street or public way. Claimants would extend this doctrine to lands in the open country which abut upon highways long established by user and would apply the block rule and require an exit at each end of the highway upon which the premises abut, at least to a usable intersecting highway. Such is not the rule as laid down by the Court of Appeals. (*Van Aken* v. *State of New York*, 261 N. Y. 360; *Matter of Strauss*, 231 id. 620; *Miller* v. *State*, 229 App. Div. 423.) The owner of land abutting on a street or highway which is closed in one direction by a municipality acting within its powers, but left open in the other, may suffer damage to a greater degree but it does not differ in kind from that suffered by the general public. (*Matter of Grade Crossing Comrs.*, 166 N. Y. 69; *Coster* v. *Mayor, etc., of Albany*, 43 id. 399; *Kings County Fire Ins. Co.* v. *Stevens*, 101 id. 411, 417; *Egerer* v. *N. Y. C. & H. R. R. R. Co.*, 130 id. 108; *Matter of Grade Crossing Comrs.*, 210 App. Div. 328, 333.) Compensation may be given for such damage, only when the Legislature has so enacted.

The judgment should be reduced to $3,800, the damages through the appropriation of the utility easements.

RHODES, MCNAMEE and BLISS, JJ., concur; CRAPSER, J., dissents, and votes to affirm.

Judgment modified on the law and facts by reducing the amount thereof to $3,800, with interest thereon from December 15, 1932, and as so modified affirmed.

The court reverses findings of fact numbered 5, 16, 17, 18 and 22. Finding No. 14 is modified by striking from the end thereof the following words: " and depriving claimants of their easements therein." Conclusions of law numbered 3, 4, 5 and 7, in so far as inconsistent with the foregoing opinion and decision are reversed and disapproved. The foregoing refers to the decision. The court makes the following new finding: That claimants sustained damage amounting to $3,800 through the appropriation by the State of the utility easements in the land taken.

The court also reverses the following findings of fact contained in claimants' requests to find: Nos. 4, 11, 12, 14 and 15 and modifies No. 9 by inserting before the word " easements " the word " utility."