## Commonwealth v. Means & Russell Iron Co.

Feb. 20, 1945.

466

J. R. Sowards and J. D. Atkinson for appellant.

LeWright Browning for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—
Affirming.

This is an appeal from a judgment in a condemnation proceeding awarding appellee $3352, of which amount $2778.84 was found by the jury in obedience to a peremptory instruction of the Court. The latter amount represented the cost to appellee of removing from the south side to the north side of U. S. Highway 23 approximately 3000 feet of pipe line constituting part of a water system owned and operated by appellee in supplying water to the residents of its Riverview Subdivision lying immediately south of the right-of-way between the cities of Ashland and Russell. The subdivision was platted in 1924 or 1925, so we are informed by appellee's brief, and, because of uncertainty as to the width of the right-of-way owned by the County or State, the front line of the lots was established 30 feet from the center of the then existing road, the paved portion of which was 20 feet in width. A ditch occupied 3 feet on the south side, so that the effect of the platting of the subdivision was to add or dedicate an additional 17 feet on the south side of the roadway for highway purposes. The object of the present condemnation proceeding was to permit the reconstruction and widening of the high-

way, and while the descriptions of the lands sought to be acquired are indefinite, it is apparent that they include, not only the front portions of certain lots of the subdivision, but all of the property lying between them and the south edge of the pavement of the old road. Since, in the manner pointed out, the land between the front lines of the lots and the old roadway had been previously dedicated for highway purposes, it would seem that the only object to be accomplished by the acquisition of these intervening strips was the condemnation of the easement granted appellee on August 10, 1926, by the State Highway Commission for its water pipe line. In any event, the extinguishment of the easement was a necessary result, and furnished appellee with the only substantial basis for its claim, which the Circuit Court upheld, that it was entitled to be reimbursed for the cost of removing its water pipe line to the north side of the right-of-way.

Complaining of only so much of the judgment as awarded appellee the above mentioned item of compensation, the appellant urges as grounds for reversal: (1) That the Company, in excepting to the report of the Commissioners appointed by the County Court, failed to complain that the cost of moving the water line had not been allowed. (2) That the jury should have been permitted to pass upon the extent of the damage occasioned by the moving of the water line. (3) That the cost of moving the water line is not, in any event, compensable. We shall consider these objections in the order named.

I. It is, of course, well settled that in condemnation proceedings the exceptions to the report of the Commissioners raise the issues which the jury is impanelled to try, KRS 416.050, and that the proof should be confined to such issues. Commonwealth of Kentucky v. Combs et al., 244 Ky. 204, 50 S. W. 2d 497. But in the case at Bar the easement in question was not mentioned in the descriptions of the lands sought to be condemned, and since the Commonwealth resorted to such general descriptions, we think that it would be hypertechnical to hold that the exceptions which set forth the claimed valuations of the lands actually taken and the asserted damages to the adjacent lands were insufficient. Moreover, no objection based on the insufficiency of the exceptions was interposed to the introduction of proof concerning the easement or the cost of removing

the water line, and such objections as were made were based on other grounds. Finally, a study of the record bears out the statement in appellee's brief that by agreement with the County Attorney the case was tried without regard to the technical sufficiency of the pleadings.

II. While only 652 feet of the water pipe line were within the condemned area, the proof showed that the destruction of the usability of the condemned portion, together with the widening of the road, made it necessary to re-locate approximately 3000 feet in order that the water system might function. The proof further showed that it was impossible to salvage the abandoned pipe on the south side; that the entire $2778.84 was expended by the Company for labor and material in effecting the relocation; and that no expense was incurred by the Company in obtaining the privilege of laying its pipes in the right-of-way north of the roadway. Under these circumstances it is difficult to conceive a better method of compensating appellee for the minimum damages sustained through the condemnation of its easement than that adopted by the Court in instructing the jury peremptorily to award the undisputed cost of the actual re-location. It is true that the portion of the easement actually condemned had no value when separated from the water supply system of which it was a part, but its obliteration, coupled with the widening of the road, rendered useless a major portion of the easement south of the highway. Even if the appellee had been given the fee simple title to a corresponding strip north of the highway, instead of what appears to have been a mere privilege to lay its pipe revocable at the will of the Highway Department, it still would have been necessary for appellee to incur the expense which it did incur in effecting the re-location. What the naked easement in its entirety was worth prior to the widening of the road was doubtless not susceptible of proof. It probably had no market value in view of the small size and rural location of the subdivision. The appellant does not contend that the easement was without value, and indeed it could not be heard to do so, since an easement such as the one appellee possessed is property within the protection of Section 242 of the Constitution. But, whatever its value, the value of any portion of the completed water system could not reasonably be deemed to be less than the cost of installing the

pipe necessary for its utilization. Since appellant introduced no proof that the installation of pipe north of the highway was not necessary to the continued operation of the system following the widening of the road and the obliteration of a portion of the easement, and the cost of the installation was not disputed, no issue properly submittable to a jury was presented, and we would have felt it necessary to set aside as inadequate an award of a lesser sum. Hence, assuming appellee to be entitled to compensation, the Court's error, if any, in peremptorily instructing the jury to award such admitted cost, was not prejudicial to appellant.

III. The writing granting the easement was executed by the chairman of the State Highway Commission and approved by that body on August 10, 1926. It definitely fixed the location of the water pipe line by prescribing the portion of the highway right-of-way on or over which the easement should extend. The instrument recited that the "right-of-way and easement" granted should be perpetual, and acknowledged the receipt therefor of "valuable considerations." Under these circumstances we do not think applicable the rule recognized in this State and elsewhere that a franchise to lay and maintain rails, pipes and wires and other structures in a public highway is granted upon an implied condition that the structures laid by virtue of its authority shall not at any time interfere with any other public use to which the State may see fit to devote the highway, and that consequently a corporation maintaining such structures is not entitled to compensation when the disturbance or an alteration in the location of such structures is made necessary by highway changes. We find nothing in the instrument granting the easement implying that the specified location of the pipe to be laid might be changed. No facts are shown indicating that the Highway Department was selling a "Franchise" of the character usually sold by municipalities to utility companies, or that appellee acquired a mere permissive right to utilize the highway right-of-way, subject to the restrictions of KRS 416.140. On the contrary, as heretofore indicated, it was distinctly provided that throughout the entire distance covered, the pipes should occupy a definitely limited space. If the instrument granting the easement had not definitely described the strip to be occupied by the pipe line, or if it had been shown that no valuable consideration had been paid for the ease-

ment, a right in the Highway Department to require appellee to remove the pipe line to some other portion of the right-of-way could and doubtless would be implied. But no such showing was attempted by appellant, and hence we are presented with a case in which a permanent, definitely located easement acquired by the payment of a valuable consideration and utilized in the operation of a water supply system, has been condemned by the State and the owner awarded as compensation merely the amount expended in making usable a substituted revocable grant. That such a state of facts takes the case without the rule applicable to rights acquired under franchises to use municipal highways for utility purposes is recognized in many of the authorities enunciating and applying the rule. For example, see New Orleans Gas Light Co. v. Drainage Commission of New Orleans, 197 U. S. 453, 25 S. Ct. 471, 49 L. Ed. 831; City of New York v. Hudson & M. R. Co., 229 N. Y., 141, 128 N. E. 152.

Appellant advances as an additional reason for denying appellee any part of the cost of re-locating the water line the fact that the proof did not show that appellant had directed appellee to remove or re-locate it. But the proof did show that the pipe line had been broken on one or more occasions during the widening of the road, and that the construction of the pavement over it would necessarily make it difficult and expensive to reach it for the purpose of making such repairs as in the usual course of events would become necessary. Moreover, the condemner of an easement should not be excused from paying compensation therefor upon the plea that he had not, prior to the trial, directed the condemnee to abandon it.

Judgment affirmed.