JOHN SINGLE, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 27664.)

Court of Claims, January 29, 1946.

*Maurice F. Lane, Raymond O. Hust* and *Donald Mawhinney* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Harold S. Coyne* of counsel), for defendant.

RYAN, J. Claimant is the owner of an assembled piece of property in the city of Syracuse consisting of 339–341 West Jefferson Street, acquired by him February 25, 1925, 345 West Jefferson Street acquired, November 11, 1922, and a tract which adjoins the said properties in the rear and which abuts on South West Street and on Tully Street. This tract claimant acquired July 31, 1923. The various tracts were improved with various buildings, all commercial, and leased to various tenants engaged in different lines of merchandising and warehousing. Claimant used the second floor of one of the smaller buildings for his office.

In 1940 by virtue of a grade crossing elimination proceeding and pursuant to chapter 825 of the Laws of 1928, West Jefferson Street was permanently closed by an elevated railroad structure placed across it where there were formerly tracks at grade. This closing shut off all access to claimant's property from the east in West Jefferson Street. There remained access to

his property from the west in West Jefferson Street and by way of South West Street and Tully Street. There was no change in grade in any street. No part of claimant's property was appropriated in a formal proceeding.

West Jefferson Street is 66 feet wide, with a pavement 36 feet wide, the south curb line being 15 feet north of the south street line and the north curb line being 15 feet south of the north street line. One of claimant's buildings, designated as 339 West Jefferson Street and known as the Hood Rubber Company building, is built to claimant's east property line on the east and to the south street line on the north. The front of this building measures 40.05 feet.

The westerly street closing line extends diagonally from a point in the south street line east of claimant's east building line to a point in the north street line 44 feet west of claimant's east building line, produced; it intersects the north curb line 29 feet west of the east building line, produced, and it crosses the east building line, produced, 1 foot south of the south curb line. Coincident with the westerly street closing line is a stone curb or header, 6 inches high; east of that is a wooden fence 4 feet high; east of that is a chain-link fence 8 feet high and east of that is a dirt fill or ramp supporting the most westerly railroad track, the Armour track, so-called. This ramp is 2 feet higher than the pavement measured at the center line thereof. The header, wooden fence, chain-link fence and ramp are the only structures placed permanently in West Jefferson Street between its north and south curb lines and between the east and west building lines, produced, of the Hood building; in other words the only structures in the street in front of any building on claimant's property.

These structures interfere, to some extent, with the easements of light, air and access to 339 West Jefferson Street, the Hood building. For this interference claimant is entitled to recover damages on the doctrine long ago established in *Story* v. *New York Elevated R. R. Co.* (90 N. Y. 122 [1882]). This doctrine was recognized and followed by this court in an early case arising under the Syracuse Grade Crossing Elimination Act (L. 1928, ch. 825). (*Caldwell & Ward Brass Co.* v. *State of New York,* 161 Misc. 147 [1936], affd. 251 App. Div. 781, affd. 277 N. Y. 547.)

As in the *Story* case (*supra*) claimant's property is bounded by the street line. As an abutting owner he is entitled to the use and enjoyment of the street and of the space above its surface and this easement is property within the meaning of the

Constitution of which claimant has been deprived and for which he is entitled to compensation.

The obstructions hereinabove described as lying in the street in front of 339 West Jefferson Street do not interfere with the easements of light, air and access to the remainder of claimant's property. The entire elevated railroad structure of which they are a part does close West Jefferson Street and prevents access therein, from the east, to all of claimant's property. But for this closing there can be no recovery. The damages which flow therefrom are *damnum absque injuria*. (*Dwornik* v. *State of New York*, 251 App. Div. 675 [1937], affd. 283 N. Y. 597; *Jablowsky* v. *State of New York*, 267 App. Div. 54 [1943], affd. 292 N. Y. 652.)

In presenting the opinions of experts as to the value of claimant's property before and after the work of grade crossing elimination, counsel, on both sides, considered claimant's property, assembled by the three deeds hereinabove first referred to, as a single unit. However, by the examination and cross-examination of these witnesses their several appraisals were broken down into their component parts. Competent evidence, we believe, was received and none excluded. All of this testimony, taken into consideration with a view of the property by the court, presents sufficient information upon which the court can arrive at a fair and reasonable assessment of the damages sustained in respect to which claimant is legally entitled to an award herein. (See *Matter of City of New York* [*Fourth Ave.*], 255 N. Y. 25 [1930]; *Perkins* v. *State of New York*, 113 N. Y. 660 [1889]; *Licht* v. *State of New York*, 161 Misc. 149 [1936], mod. and affd. 251 App. Div. 524, modification revd. and new trial ordered 277 N. Y. 216.)

We have already described the height, location and physical composition of those parts of the elevated structure which have been so placed in the street as to result in actionable damage to the claimant's property. It is our judgment that the sum of $1,500 will adequately compensate claimant for the injury thereby sustained. For this sum an award, together with interest in accordance with statute, is directed in an accompanying decision.