### DEPARTMENT OF HIGHWAYS, STATE OF LOUISIANA,

v.

### UNITED GAS PIPE LINE COMPANY.

#### Civ. A. No. 6162.

United States District Court
W. D. Louisiana,
Shreveport Division.

Aug. 9, 1957.

W. Crosby Pegues, Jr., D. Ross Banister, and Glenn S. Darsey, Department of Highways, State of Louisiana, J. Elton Huckabay, Huckabay & Wall, Baton Rouge, La., for plaintiff.

John M. Madison, Wilkinson, Lewis, Wilkinson & Madison, John T. Guyton, Hargrove, Guyton, Van Hook & Hargrove, W. O. Crain, and Frank O. Looney, Shreveport, La., for defendant.

BENJAMIN C. DAWKINS, Jr., Chief Judge.

The single question presented by this action may be quickly resolved. It is: May the Louisiana Department of Highways (plaintiff), which granted a permit to United Gas Pipe Line Company (defendant), to construct a pipe line under and across a public highway, whereunder the company was required to bear the expense of any further work upon the pipe line necessitated by changes in the highway, require the company to pay the cost brought about by relocation of the highway over the pipe line, at a point outside of the original highway right-of-way?

We already have answered the question in the negative by a minute entry ruling, granting a motion for summary judgment filed by the defendant, having reserved the privilege of filing written reasons for our action.

The facts are undisputed: On April 11, 1951, the Department, pursuant to written request by the company, granted it a permit to cross State Highway 268 at a point in Assumption Parish, Louisiana, with a 26-inch gas pipe line extending from Lirette to Napoleonville. This permit was granted without consideration, but, of course, required the company to bear the expense of the crossing, which was to be performed in accordance with certain engineering standards. It contained a clause, which is the subject of this controversy, reading as follows:

"Second: That, all fixtures and appurtenances thereto, after having been erected, shall at all times be subject to inspection and the right is reserved to require such changes, additions, repairs, relocations and removal as may at anytime (sic) be considered necessary to permit the relocation, reconstruction, widening and maintaining of the highway and to provide proper and safe protection to life and property on or adjacent to the highway, or in the interest of safety to traffic on the highway, and that the cost of making such changes, additions, repairs and relocations shall be borne by the applicant."

The Department now proposes to construct a certain highway project—No. 233–01–03, which is for the widening, realignment and reconstruction of a portion of former State Route No. 268, now designated as Route No. 401. The new route will cross the company's pipe line

at a point outside of the original highway right-of-way as it existed on April 11, 1951, when the permit was granted.

Although it will cost only slightly more than $3,000 to effect the changes in the pipe line that will be required by rerouting the highway, our decision here will be of substantial importance for the precedent it will set in this State, where an extensive highway building and improvement program is in progress, and there are many hundreds—perhaps thousands—of gas and oil pipe lines in existence, or to be built, across public roads and highways.

Plaintiff sued defendant in the State Court, praying for a prohibitory injunction restraining defendant from interfering with its proposed highway construction, and a mandatory injunction commanding defendant, at its expense, to perform the work necessary to effect the crossing required by the new highway. Defendant removed the case here, timely filing its answer and motion for summary judgment, which has been argued and briefed by counsel, and submitted for decision. Since there are no issues of fact, the case properly may be decided upon the legal point presented, without a trial.

Defendant freely concedes that, by the terms of the permit, it is responsible for expense involved in necessary readjustment of its facilities because of highway work to be done within the limits of the highway right-of-way, as it existed when the crossing permit was granted; but it insists that, in all right, fairness and reason, there must be a limit to such liability, which, by reasonable construction of the language at issue, should be coterminous with the limits of the original right-of-way boundaries. Otherwise, there would be a wrongful taking of private property for public use without just compensation, in violation of both the State and Federal Constitutions. LSA–Const. art. 1, § 2; Const.U.S. Amend. 14.

We agree. If plaintiff could reroute its highways over pipe lines, at the expense of the pipe line owner, at a distance of one foot beyond the original right-of-way limits, it could do so at any distance. If plaintiff's argument— its construction of the permit—is carried to its logical conclusion, plaintiff could even require a pipe line owner to remove or relocate, at its expense, extremely costly pumping stations or other such facilities, no matter how far they were situated beyond the original highway right-of-way. That position simply cannot be sanctioned. On the authority of Panhandle Eastern Pipe Line Company v. State Highway Commission of Kansas, 1935, 294 U.S. 613, 55 S.Ct. 563, 79 L.Ed. 1090; Pennsylvania Coal Company v. Mahon, 1922, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322; Buckeye Pipe Line Company v. Keating, 7 Cir., 1956, 229 F.2d 795; Petition of Dreosch, 1951, 233 Minn. 274, 47 N.W. 106; Cities Service Gas Company v. Riverside Drainage District, 1933, 137 Kan. 410, 20 P.2d 520; In re Condemnation of Land at Nahant (United States, Petitioner), U. S.D.C.Mass.1904, 128 F. 185, modified, 1 Cir., 136 F. 273, 69 L.R.A. 723, modified 153 F. 520; Commonwealth v. Means & Russell Iron Company, 1945, 299 Ky. 465, 185 S.W.2d 960; Licht v. State, 1937, 251 App.Div. 524, 298 N.Y.S. 136; United States v. Chicago, B. & Q. R. Co., 8 Cir., 1936, 82 F.2d 131, 106 A.L.R. 942, we believe the motion for summary judgment was properly granted and the suit dismissed.

A proper decree should be presented for signature.