**DEPARTMENT OF HIGHWAYS, STATE OF LOUISIANA, Appellant,**

v.

**UNITED GAS PIPE LINE COMPANY,**
Appellee.

No. 16976.

United States Court of Appeals
Fifth Circuit.

March 5, 1958.

Rehearing Granted April 9, 1958.

For Opinion on Rehearing
see 258 F.2d 359.

D. Ross Banister, W. Crosby Pegues, Jr., J. Elton Huckabay, Dept. of Highways, State of Louisiana, Baton Rouge, La., for appellant.

John T. Guyton, John M. Madison, Frank O. Looney, W. O. Crain, Shreveport, La., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal presents the question whether the trial court correctly construed the contract between the parties as placing on the State Highway Department rather than the Pipe Line Company the expense of altering its under-road installations to meet a change in location of a state highway.

The case was disposed of on a motion for summary judgment which was procedurally proper, because on the undisputed facts there was nothing before the trial court but a construction of a written contract and the Louisiana statute which authorized it.

On April 11, 1951, the Highway Department granted United, at its request and without cost, a permit to install a natural gas pipe line across an existing state highway. This permit contained the following conditions:

"First: That, the rights and privileges granted herein shall be non-exclusive and shall not be construed to be any broader than those expressly set out in Acts of the Legislature of the State of Louisiana, regardless of the language used in this permit and that any fixture or appurtenances placed on the highway right-of-way shall be placed in accordance with existing laws and the standards of the Department of Highways.

"Second: That, all fixtures and appurtenances thereto, after having been erected, shall at all times be subject to inspection and the right *is reserved to require such changes, additions, repairs, relocations and removal* as may at any time be considered necessary to permit the *relocation,* reconstruction, widening and maintaining of the highway and to provide proper and safe protection to life and property on or adjacent to the highway, or in the interest of safety to traffic on the highway, and that the *cost of making such changes, additions, repairs and relocations shall be borne by the applicant.*" (Emphasis supplied.)

These conditions were not only authorized but were required by the Statute.[1]

1. Title 48, Section 1, LSA–R.S. provides as follows:
   "For purposes of this Chapter, the following terms have the meaning ascribed to them by this Section, except where the context clearly indicates otherwise:
   \* \* \* \* \*

   "(11) 'Highway' means a public way for vehicular, mounted, and pedestrian traffic, including the entire area dedicated thereto and the bridges, culverts, structures, appurtenances, and features necessary to or associated with its purposes.
   \* \* \* \* \*

Subsequently, in 1956, the Highway Department determined to change the highway[2] in a manner that, at the point where it passed over United's pipe line it would be entirely outside, although adjacent to, the original right-of-way. The original right-of-way, however, would still be included within the bounds of the new right-of-way. United contends, as the trial court held, that this permit must be construed to mean that United was required to do the things mentioned only within the confines of the right-of-way as it existed at the time the permit was granted. This is clearly at variance with the plain language of the permit and the statute, both of which say that the "owner" shall *relocate* the facility when that is necessary to permit either the widening, *relocation* or other improvement of the highway. Any argument that an agreement to relocate the facility, i. e., the protected pipes as required to permit the relocation of the highway, means to relocate only within a narrow specified area, must be based on something more than ascribing the normal meaning to the words of the permit and the statute.

The argument of appellee is that the requirement that United alter its facilities at a different location to accommodate the new highway crossing constitutes a taking of its property without due process. No citation of authorities is required to support the proposition that the State has no right to invade United's easement or right-of-way or require it to change the location of its pipes in order to build a new road or highway across them *in the absence of a valid agreement to do so.* See Panhandle Eastern Pipe Line Co. v. State Highway Commission of Kansas, 294 U.S. 613, 55 S.Ct. 563, 79 L.Ed. 1090. No such situation exists here, since the right of appellee to traverse the Highway Department's right-of-way in the first place was conditioned on United's continuing to hold itself ready to accommodate its underroad facility to the course of that same highway as it might be changed from time to time.

Appellee does not specifically attack the requirement of the statute that the original permit be subject to the obligation to relocate as being unconstitutional. It merely says that the proper construction of the statute is that any relocation is restricted to the original right-of-way and that if the statute is read to require modification by United to meet the needs of the same highway if relocated outside the original right-of-way this would amount to a taking of appellee's easement without compensation. The fallacy of this argument is that the statute is not

"(15) 'Right of way' means the area dedicated for use as a highway."

Title 48, Section 381, LSA–R.S. provides as follows:

"A. When not inconsistent with the purposes of state highways, the director may issue permits of convenience and necessity for the use and occupancy of the rights of way of state highways as follows:

"(1) For the installation, operation and maintenance of underground pipes, conduits, or cables along or across the highways for the purpose of transporting or conveying fluids, telephone or telegraph messages, gases, or electric current for any purpose.

\*  \*  \*  \*  \*

"All such installations shall be in accordance with the best modern practice and national underwriting standards and shall be so maintained. Permits shall be issued only to owners of the facility and shall be nonexclusive. Installations which will interfere with the proper operation and maintenance of highways are expressly prohibited.

"*No installation may be made except upon the explicit condition* that the *owner* thereof *shall, at no cost to the department,* remove or *relocate* the facility when that is necessary to permit the widening, *relocation,* or other improvement of the highway, when so ordered by the director." (Emphasis supplied.)

2. We here use the words "change the highway" rather than "relocate, reconstruct or widen the highway" because it later becomes necessary to construe the latter words and we here use a neutral expression.

susceptible of the construction placed on it by appellee.

The apprehension expressed by the trial court that if the permit is construed to mean what we hold it says, then the Highway Department could "even require a pipe line owner to remove or relocate, at its expense, extremely costly pumping stations or other such facilities no matter how far they were situated beyond the original right-of-way" is unfounded. No facilities such as pumping stations are dealt with in either the statute or the permit. The grant of authority to permit the traversing of the highway refers only to "underground pipes, conduits, or cables * * * for the purpose of transporting or conveying fluids, telephone or telegraph messages, gases or electric current for any purpose." The Department has no authority to permit the locating of costly pumping stations on the right-of-way, and it is only what is thus permitted that is subject to removal at the cost of the pipe line owner. It goes without saying that if a pipe line company has a pumping station or other costly facility on private property immediately adjacent to the right-of-way or at any place to which the Highway Department wishes to relocate its roads, it would be required to pay for any such property as it takes either by contract or by condemnation proceedings. It would be in such a case, as well as in one in which an entirely new road was built as to which no prior conditional permit had been given, that such cases as Panhandle Eastern Pipe Line Co. v. State Highway Commission of Kansas, 294 U. S. 613, 55 S.Ct. 563, 79 L.Ed. 1090; Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322, and Buckeye Pipe Line Co. v. Keating, 7 Cir., 229 F.2d 795, would apply.

The trial court erred in entering summary judgment for the appellee. Judgment should have been granted for the appellant.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.