DEPARTMENT OF HIGHWAYS, STATE OF LOUISIANA, Appellant,

v.

UNITED GAS PIPE LINE COMPANY, Appellee.

No. 16976.

United States Court of Appeals
Fifth Circuit.

June 23, 1958.

Rehearing Denied Aug. 4, 1958.

D. Ross Banister, J. Elton Huckabay, Attys., W. Crosley Pegues, Jr., Gen. Counsel, Dept. of Highways, Baton Rouge, La., for appellant.

John T. Guyton, John M. Madison, Frank O. Looney, W. O. Crain, Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

This case was previously here and was decided in favor of appellant's contention that the permit granting the appellee the right to traverse a state highway placed upon the Pipe Line Company the expense of altering its under-road construction to meet a change in location of a state highway outside the boundaries of the original highway right-of-way, 5 Cir., 258 F.2d 357. On motion for rehearing we set aside that decision and set the appeal down again for rehearing on further argument and briefs.

The case was disposed of in the trial court on a motion for summary judgment which was procedurally proper, because on the undisputed facts there was nothing before the trial court but a construction of a written permit and the Louisiana statute which authorized it.

On April 11, 1951, the Highway Department granted United, at its request and without cost, a permit to install a natural gas pipe line across an existing state highway. This permit contained the following conditions:

"First: That, the rights and privileges granted herein shall be non-exclusive and shall not be construed to be any broader than those expressly set out in Acts of the Legislature of the State of Louisiana, regardless of the language used in this permit and that any fixture or appurtenances *placed on the highway right-of-way* shall be placed in accordance with existing laws and the standards of the Department of Highways.

"Second: That, all fixtures and appurtenances thereto, *after having been erected,* shall at all times be subject to inspection and the right *is reserved to require such changes, additions, repairs, relocations and removal* as may at any time be considered necessary to permit the *relocation,* reconstruction, widening and maintaining of the highway and to provide proper and state protection to life and property on or adjacent to the highway, or in the interest of safety to traffic on the highway, and that the *cost of making such changes, additions, repairs and relocations shall be borne by the applicant.*" (Emphasis supplied).

In our previous opinion it was said: "These conditions were not only authorized but were required by the statute." Upon careful consideration, and especially in view of the appellant's concession on oral argument that the permit could not validly require more than the

statute, we now conclude that the permit did not follow, but added requirements not expressly contained in, the statute.[1] The difference may readily be seen by comparing the italicized parts of the two paragraphs. Whereas the permit says the right is reserved in the Department of Highways to require such *changes, additions, repairs,* relocations and removal as may be considered necessary, etc., the statute did not include any of the italicized words. We considered the protected pipes passing originally under the highway on the "right-of-way" as "fixtures or appurtenances" which would be "relocated" in case of a relocation of the highway, and we thus held that such relocation was expressly provided for in the permit, even though the appellee contended the relocation for which it was responsible could not extend beyond the boundaries of the original right-of-way.

It now becomes apparent that no fixtures are to be "relocated" or "removed" at all. What the appellant seeks to do is not to require the *relocation* or *removal*

of anything but to require appellee pipe line company to *add* protective facilities to its pipe line at the place where the new crossing is to take place. Whatever might be the result, if the statute contained the language that appears in the permit: to "require * * * changes, *additions,* repairs" to permit the relocation of the highway, we now hold that without such language the statute does not permit the Department of Highways to require the pipe line company at its expense to make the "changes" and "additions" that would here be necessary to cover and protect its under-road pipes at a point outside the original right-of-way.

The appellee concedes that the statute is to be so construed as to require it to protect its pipes to accommodate any change of location within the boundaries of the original right-of-way. This accords with the decision of the trial court. That judgment is therefore

**Affirmed.**

1. Title 48, Section 1, LSA–R.S. provides as follows:

"For purposes of this Chapter, the following terms have the meaning ascribed to them by this Section, except where the context clearly indicates otherwise:

* * * * *

"(11) 'Highway' means a public way for vehicular, mounted and pedestrian traffic, including the entire area dedicated thereto and the bridges, culverts, structures, appurtenances, and features necessary to or associated with its purposes.

* * * * *

"(15) 'Right of way' means the area dedicated for use as a highway."
Title 48, Section 381, LSA–R.S. provides as follows:

"A. When not inconsistent with the purposes of state highways, the director may issue permits of convenience and necessity for the use and occupancy of the rights of way of state highways as follows:

"(1) For the installation, operation and maintenance of underground pipes, conduits, or cables along or across the highways for the purpose of transporting or conveying fluids, telephone or telegraph messages, gases, or electric current for any purpose.

* * * * *

"All such installations shall be in accordance with the best modern practice and national underwriting standards and shall be so maintained. Permits shall be issued only to owners of the facility and shall be nonexclusive. Installations which will interfere with the proper operation and maintenance of highways are expressly prohibited.
"*No installation may be made except upon the explicit condition* that the *owner* thereof *shall, at no cost to the department, remove* or *relocate* the facility when that is necessary to permit the widening, relocation, or other improvement of the highway, when so ordered by the director." (Emphasis supplied.)