**MFA MUTUAL INSURANCE COMPANY,
Appellant,**

**v.**

**Charles BLACK et al., Appellees.**

Court of Appeals of Kentucky.

May 2, 1969.

Richard C. Roberts, Waller, Threlkeld & Whitlow, Paducah, for appellant.

Nat Ryan Hughes, Hughes & Gregory, Murray, for appellees Black and Lockhart.

Louis Mangrum, Mayfield, for appellees R. L. Prince and Judy Prince.

George E. Overbey, Overbey & Overbey, Murray, for appellee Anderson.

CLAY, Commissioner.

This is a suit on an automobile insurance policy. The appellees are the insured and parties who obtained money judgments against the insured. The issue tried was whether the policy covered an automobile accident which took place two days after its expiration date. The trial court submitted to the jury by interrogatory the question of whether or not the insured and the appellant insurance company *mutually agreed* to the reissuance of the policy with a shorter term than a policy it replaced, which the jury answered in the negative. The question before us is whether appellant was entitled to a directed verdict.

The insured had a policy on a 1957 Plymouth automobile which had a six-months' coverage period from August 1, 1964, to February 1, 1965. On November 10, 1964, the insured purchased a 1958 Ford automobile and on that day he went to the insurance agent's office to effect a change in coverage. He signed an application which provided:

"If the premium paid for the policy applied for or for subsequent change, reissue or reinstatement of policy is incorrect, the policy period will be lengthened or shortened on pro-rata basis to premium paid by changing the expiration date."

There is a conflict in testimony as to whether or not a secretary in the office advised the insured that the policy period might be shortened. Within a few days thereafter he was sent, and received, the policy here involved. It shows plainly on its face that the coverage period expired January 25, 1965. Subsequently the insured was sent, and received, a premium notice with a due date of January 25, 1965.

The accident out of which all of these claims arose occurred on January 27. The appellees' claims are based on the theory that the insured never agreed to this change in the policy period and that the insured still had coverage to February 1 under the terms of the old policy. It is pointed out that the old policy had a provision respecting "Automatic Insurance for Newly Acquired Automobiles" which stated that the insured "shall pay any additional premium required because of the application of the insurance to any newly acquired automobile". It is argued that the appellant had no right to change the terms of the policy but should have continued the old period in the new policy and charged the insured with the additional premium (which amounted to $1.84). Perhaps this argument would have merit if no steps had been taken to reissue a new policy. With the issuance of the new policy upon the written application of the insured, a different contract was entered into.

There is evidence that it was customary for the company to attach to such policies a form which in bold-faced type gave notice that the policy period had been adjusted. The insured testified that he did not remember such a special notice. In any event, the new term of this policy was plainly written as "Nov. 10, 1964 to Jan. 25, 1965".

There may be some question that the provision in the application form sufficiently advised the insured of a possible change in the policy period, but the documentary evidence, consisting of the policy itself and the premium-due reminder,

brought home to the insured positive notice of the expiration date of this policy. See Standard Fire Ins. Co. v. Robey, 257 Ky. 204, 209, 77 S.W.2d 785. He does not dispute it. There is no issue here of ambiguity or misconstruction. He accepted the policy on those terms. At no time did he object to or question the expiration date. A party may not keep silent when he should speak and allow other parties to be misled to their prejudice by his silence. Skaggs v. Ferguson, 224 Ky. 775, 7 S.W.2d 213.

■ The insurance company relied upon the insured's acceptance of this new contract. He simply cannot assert that the terms of the cancelled policy on the Plymouth automobile were somehow carried into the new policy on the Ford, contrary to the written provisions of the latter. As a matter of law he must be held to have agreed to the terms of the new contract.

■ An argument is made that since the insurance company had given the insured three free extra days on the original six-months' policy, they should have done the same thing on the new policy, which would have extended the coverage period to January 28. The answer is that the company was not obligated to do this and the policy did not incorporate such an extension.

■ Appellees' claims are based on a valid insurance contract which had expired by its own terms two days prior to the accident. There is nothing in the record creating any additional obligation of appellant. A person cannot claim both under and against the same instrument. Jeffries v. Hignite, 206 Ky. 50, 266 S.W. 901. There was no issue to submit to the jury. Appellant should have been granted a directed verdict, and this not having been done, it was entitled to a judgment notwithstanding the verdict.

The judgment is reversed, with directions to enter a judgment for appellant.

All concur.