COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Appellant,

v.

LOUISVILLE GAS & ELECTRIC COMPANY, Appellee.

Court of Appeals of Kentucky.

June 20, 1975.

Rehearing Denied Sept. 19, 1975.

William L. Willis, Gen. Counsel, Asst. Atty. Gen., Dept. of Transp., Bureau of Highways, Frankfort, Frank Yates, Jr., Louisville, for appellant.

Clifford E. Smith, Jr., Smith & Duff, Frankfort, Charles G. Middleton, Jr., Middleton, Reutlinger & Baird, Louisville, for appellee.

LUKOWSKY, Justice.

The Commonwealth of Kentucky, Department of Transportation, Bureau of Highways appeals from a judgment of the Franklin Circuit Court which determines the rights of the parties in relation to utility lines running along Dixie Highway in Jefferson County. The removal and relocation of the lines by Louisville Gas and Electric Company was necessitated by the widening of Dixie Highway by the Commonwealth under the direction of the Federal Highway Administration. The trial court held that as a matter of law and fact L. G. & E. had a perpetual private easement and that it was entitled to reimbursement for removal and relocation expenses. We affirm.

The Louisville Turnpike Road Co. was chartered by the legislature in 1833 to construct a road from Elizabethtown to Louisville and from Louisville toward the Kentucky-Tennessee border. Section 4 of the charter enumerated some of the powers granted. It specifically made the stockholders capable "of purchasing, taking and holding, to them and their successors and assigns, and of selling, transferring and conveying, in fee simple, all such lands, hereditaments and estates, real or personal, as shall be necessary to them, in the prosecution of their works."

This exact language was included in the charter of a turnpike company which came into existence in 1884. In regard to that charter, we construed these very words to mean that a company so empowered

could buy all the land required for the road by contract and that any land purchased in such manner was held by the company in fee simple absolute. Foster v. Frankfort, L. & V. Turnpike Road Co., Ky., 65 S.W. 840 (1901). The method used by a turnpike company to obtain land determines the type of possessory interest it holds. If the land is obtained by condemnation the company merely owns the use of land as long as it is employed as a turnpike; if it is obtained by contract the company has corporeal title in fee simple. Miller v. Flemingsburg and Fox Springs Turnpike Co., 109 Ky. 457, 59 S.W. 512, 22 Ky.Law Report 1039 (1900).

An 1837 act of the legislature noted that Louisville Turnpike Road Co. had purchased and received conveyances of some small tracts of land in fee simple and that to remove any doubts of the propriety of such activity the title thus acquired was confirmed. The record reflects 1869 conveyances of the turnpike and its right of way to and from Philip Thornberry which are consistent with the transfer of fee simple title.

The original turnpike company went through a number of reorganizations and in 1871 was renamed Valley Turnpike and Gravel Road Company. In 1889 Valley granted Kentucky Rock Gas Co. a "right of way for gas main and telephone line in and along the right of way of . . . its turnpike," with a restriction that the line could not "interfere or trespass the said first party's (Valley) necessary and proper use of said highway either in controlling, operating or repairing the same nor is this grant of right an exclusive one." The consideration for this grant was slightly more than twelve per cent of the sum which Valley received when it later sold its remaining interest in the turnpike.

On May 3, 1901 Valley approved a transfer by Kentucky Rock Gas of its rights in the right of way of the turnpike to Kentucky Heating Company. This document was recorded on May 4, 1901. Later Kentucky Heating and Louisville Gas Co. were consolidated to form L. G. & E.

On May 7, 1901 Valley conveyed all of its right, title and interest in and to the turnpike to Jefferson County, expressly excepting therefrom the "rights or privileges heretofore granted" to L. G. & E.'s predecessors in title. This deed was accepted and recorded by Jefferson County and it thereafter conveyed its rights to the Commonwealth.

The lines of L. G. & E. and its predecessors in title occupied a definite limited space, fixed by their actual location pursuant to the 1889 instrument, for eighty-six years until the recent location.

In 1961 the Commonwealth entered into an agreement with L. G. & E. for relocation of the lines. The agreement expressly recognized a private easement and the Commonwealth agreed to assume one hundred per cent of the expense of relocation. For some reason which is not made clear in this extremely abbreviated record, the agreement never was fulfilled and this litigation resulted.

The Commonwealth cites numerous cases for the proposition that L. G. & E. should bear the expenses involved in relocation and removal of the lines. The most recent case is Commonwealth v. Louisville Water Co., Ky., 479 S.W.2d 626 (1972). These cases involved situations where the utility company had a mere franchise from the state, a simple license, or an easement which was restricted from the outset by requiring the utility to pay for the relocation if public necessity warranted a change in the structure of the road. This is not the situation at bar. Here, a private corporation, Valley, a common grantor, with power to hold land in fee simple granted to another private corporation, Kentucky Rock Gas Co., a permanent private easement to lay and maintain gas and telephone lines in and along the right of way of Dixie Highway.

■ From the language recited in the 1833 charter it is apparent that the original turnpike company had the power to buy the necessary land for its project by contract in

fee simple. It is equally clear that Kentucky Rock Gas was granted a permanent private easement in 1889. The Commonwealth's title came from the same source and the deed specifically recognized the existence and superiority of the easement. One who claims an interest in land through a deed may not adopt the portions which are beneficial to him and reject those which are not; by claiming under a deed the party so doing confirms all parts of that deed. Jeffries v. Hignite, 206 Ky. 50, 266 S.W. 901 (1924). If the Commonwealth had so desired it could have purchased or condemned the easement at the same time it obtained the remaining fee interest. It got what it paid for, a fee simple interest subject to a permanent easement.

The Commonwealth contends that it is not required to reimburse L. G. & E. for relocation and removal expenses because the widening of Dixie Highway is a valid exercise of the police power. This position is untenable. The rights of the public in a street are those it purchased and paid for. If its representatives have been so short sighted as to acquire the fee subject to an easement, we see no more authority for supplying the latter without compensation than there would be in taking the right of way in the first place and refusing to pay for it. Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322, 28 A.L.R. 1321 (1922); Department for Natural Resources and Environmental Protection of Commonwealth of Kentucky v. No. 8 Limited of Virginia, Ky., 528 S.W.2d 684 (1975).

The glove of precedent which fits the hand in this case is Commonwealth v. Means & Russell Iron Co., 299 Ky. 465, 185 S.W.2d 960 (1945). There the relocation of three thousand feet of a water line was necessitated by the widening of a public road, along which the company held a private easement. The rule is now as it was then, when the government requires the relocation of a perpetual easement for the public convenience its owner is entitled to compensation in the form of damages, which may be determined by the actual cost of relocation. L. G. & E. had a private easement which was taken by state action, therefore it is entitled to just compensation. To the extent that Ward v. Southern Bell Telephone and Telegraph Co., Ky., 436 S.W.2d 794 (1969) may be construed as expressing views inconsistent herewith it is overruled.

The judgment is affirmed.

All concur.