**INTERSTATE POWER COMPANY, Appellant,**

v.

**DUBUQUE COUNTY, Iowa, Appellee.**

No. 85–1517.

Supreme Court of Iowa.

July 23, 1986.

Rehearing Denied Aug. 20, 1986.

Les V. Reddick and Stephen C. Krumpe, of O'Connor & Thomas, P.C., Dubuque, for appellant.

Fred H. McCaw, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, SCHULTZ, WOLLE and LA-VORATO, JJ.

McGIVERIN, Justice.

Plaintiff Interstate Power Company (IPC) brought this action in equity against defendant Dubuque County seeking a declaratory judgment that the utility was entitled to reimbursement for expenses it incurred by reason of a county roadway construction project. Plaintiff's motion for summary judgment was overruled, and the court held that IPC was not entitled to compensation from the county for the costs of raising its electrical transmission lines over a relocated county road. We affirm.

IPC, as grantee, received an easement from fee owners Melvin and Mildred Meyers in 1958, wherein rights were granted to construct and maintain electrical transmission lines over the Meyers' land. At this time, the land was adjacent to defendant county's right-of-way for the Balltown Ridge Road which ran along a ridge above the valley of the Mississippi River in Dubuque County.

Thereafter, plaintiff erected a pole structure located at the top of the ridge on the Meyers' land just outside the south right-of-way boundary of the road and another situated far down the slope to the north. Electrical transmission lines then were suspended between the two structures and over the Balltown Ridge Road. Neither of the structures was located in the county's road right-of-way. The electrical lines cleared the roadway vertically by a distance of fifty feet where they crossed the public right-of-way.

In 1982, the county secured from the landowners, the Meyers, a highway right-of-way easement in order to begin a project involving a change of alignment and grade on the Balltown Ridge Road, as required by state design standards, to improve the safety of the road. The sight distances were going to be increased, and curves were to be straightened. The additional right-of-way used for the road improvement was located upon property included in IPC's transmission line easement.

At the point where IPC's transmission lines crossed the right-of-way, the centerline of the roadway was relocated fifty-eight feet to the northwest of its original location, and the grade was raised seven feet. Because of this realignment, it was necessary to fill in the steep downslope to support the road in its new position. This was accomplished by depositing approximately twenty-four feet of fill dirt onto that portion of the Meyers' property on which IPC's structure supporting the transmission wires was located.

Due to these changes in the road, IPC's transmission lines cleared the pavement by only nineteen feet, closer than the 22.7 feet of vertical clearance required by the Iowa state commerce commission for the size of the transmission lines involved in this case. *See* Iowa Code ch. 474 (1983); Iowa Code § 478.19; 250 Iowa Admin.Code ch. 25. The county notified IPC of this situation and ordered the transmission lines raised to a safe distance above the relocated roadway. IPC complied and because the present supporting structure at the top of the ridge could not accommodate higher lines, it was replaced by a taller two-pole structure to raise the lines to provide the required clearance. This new structure was placed in substantially the same location as the old one, a few feet south of the right-of-way boundary.

The total cost of raising the wires was $31,535.75. IPC sought reimbursement from the county, which refused to pay the bill. Thereafter, IPC instituted this action against defendant for a declaratory judgment in its favor. Iowa R.Civ.P. 261–69.

After defendant answered, IPC filed a motion for summary judgment, Iowa Rule of Civil Procedure 237, contending that the pleadings, answers to interrogatories and affidavits on file showed that plaintiff was entitled to judgment as a matter of law. IPC conceded the necessity of raising the power lines; however, it claimed that the county had the constitutional obligation to make just compensation to it for the costs involved.

■ The county, on the other hand, argued that the denial of compensation was proper on the grounds that the alterations made by IPC were required by law and by the rules and regulations of the Iowa commerce commission. It claimed that if any taking occurred, it was done under the police power and not under eminent domain. In a valid exercise of police power, private property is not appropriated for public use, but some use is prohibited or restricted to promote the general welfare. Thus, the county contended its denial of compensation was not a violation of the fourteenth amendment to the United States Constitution or article I, section 18 of the Iowa Constitution; and under Iowa Code chapter 319 defendant must bear the cost of raising the transmission lines.

The district court overruled plaintiff's motion for summary judgment and held that the expense of raising the electrical lines over the county road was a cost incidental to complying with a valid safety regulation and was not a compensable taking of private property by defendant county. Plaintiff appealed.

The basic issue we address is whether a "taking" of plaintiff's property occurred for constitutional purposes when the raising of plaintiff's transmission line was required under safety regulations as a result of the road widening project by defendant county.

■ I. *Constitutional "takings".* Article I, section 18 of our state constitution prevents the taking or applying to public use of any private property without adequate compensation being paid to the owner of such property. Also, the fourteenth amendment to the United States Constitution prohibits the taking of a person's property without due process of law.

IPC's electrical transmission line easement is property in the constitutional sense. *See Liddick v. City of Council Bluffs,* 232 Iowa 197, 234, 5 N.W.2d 361, 380 (1942). Plaintiff argues that the county effected a taking of its easement when the road was relocated and twenty-four feet of fill dirt was deposited on the property. Therefore, plaintiff claims that the county should reimburse it for the expenses it incurred in raising the wires.

We must determine whether a taking of IPC's property rights occurred so as to entitle it to compensation. If, however, defendant was acting pursuant to its police power in relocating the roadway and in subsequently requiring IPC to raise its transmission lines, then the utility is not entitled to reimbursement for the costs of raising the power lines. *See Kent v. Polk County Board of Supervisors,* 391 N.W.2d 220, 226–27 (Iowa 1986); *Stone v. City of Wilton,* 331 N.W.2d 398, 402 (Iowa 1983).

■ II. *IPC's written easement.* The particular written easement involved here between the Meyers and IPC does not contain any language regarding the right to clearance above the power lines installed on the Meyers' property. Nowhere in the grant is there any indication that the parties intended to include the airspace above and below the transmission lines. The easement is merely for location of power transmission poles. Specifically, the easement grants IPC the right to "construct, operate, maintain and remove lines for the transmission of electric energy, including necessary poles, wires, guys, stubs and other fixtures, over, across and upon" the Meyers' land. Further, the easement does not provide for any allocation of costs in the event of any relocation. *See Rural Water System No. 1 v. Sioux County,* 272 N.W.2d 466, 467 (Iowa 1978) (interpretation of provision covering costs of relocating pipeline formerly located on private property but moved on the public highway).

Thus, the county did not disturb IPC's easement from Meyers by ordering the transmission lines to be raised. IPC determined that it would be necessary to replace the structure on the south side of the right-of-way with a larger two-pole structure to raise the lines but no relocation or removal of the pole was required by the county. IPC still has the same land on which to place its power lines. The only difference is that the lines must be at a higher altitude. The county did not interfere with the right of IPC to "construct, operate, maintain and remove lines." Therefore, it appears that no "taking" occurred under the terms of the written easement from Meyers.

III. *Police powers of the county.*

A. *General rule under Iowa law.* Even if the easement were disturbed, however, the county had the authority to take the actions that it did under its police power, according to the provisions of Iowa Code chapter 319.

Under Iowa Code section 319.1, the department of transportation and the board of supervisors have the power to "cause all obstructions in highways, under their respective jurisdictions, to be removed." An "obstruction" has been defined as "an obstacle in the way, or an impediment or hindrance which impedes, embarrasses, opposes, or interferes with free passage along the highway." *Koehler v. State*, 263 N.W.2d 760, 764–65 (Iowa 1978).

Iowa Code section 319.5 requires that all transmission lines be located, in the case of secondary roads, at the direction of the county engineer and the lines shall be removable according to the provisions of chapter 319. Iowa Code section 319.6 affords special statutory treatment for electrical transmission lines. If these are deemed to be an obstruction, "[a]ny removal ... shall be at the expense of the owners of said ... poles." We have recognized as a general rule that "utility poles and lines

must be relocated at the owner's cost whenever, by reason of enlargement or repair of a highway, such poles or lines become an obstacle." [1] *Iowa Electric Light & Power Co. v. Iowa State Highway Commission*, 231 N.W.2d 597, 598 (Iowa 1975).

■■ Therefore, under Iowa law, the utility was obligated to pay the costs of raising the wires to provide the necessary clearance for the roadway. The lines created an obstruction in the relocated roadway, and a serious and dangerous situation existed. IPC had a duty to maintain its lines in accordance with relevant statutory provisions and to remove lines that were no longer safe. Iowa Code § 478.19. This situation authorized the county to act and order the lines to be raised. Iowa Code § 319.1. The burden and expense of removing an obstacle is placed upon the utility. Iowa Code § 319.6.

Plaintiff does not contend that Iowa Code chapter 319 is unconstitutional. Rather, IPC impliedly suggests chapter 319 is inapplicable under this record. Further, we note that the provisions of chapter 319 were in existence before IPC got its easement from Meyers.

B. *Exceptions urged by IPC.* IPC contends, however, that this general rule that the utility must pay costs of relocation or raising of the transmission lines does not apply under this record because its easement was on private property. It cites several cases it believes are dispositive on this point in its favor. Initially, we note that although the supporting structures were on IPC's private right-of-way, pursuant to the easement, the lines at all material times crossed a public highway. Further, the cases cited by plaintiff are factually distinguishable from the present one, and, thus, we are not persuaded by those authorities.

In *Panhandle Eastern Pipe Line Co. v. State Highway Commission*, 294 U.S. 613, 55 S.Ct. 563, 79 L.Ed. 1090 (1935), the Kan-

---

1. An exception to this general rule is found in Iowa Code sections 306A.10–.13. There, provisions are made for reimbursement to a utility for any of its facilities that are relocated or removed due to construction on the national interstate highway system. However, such a roadway is not involved in this case. Therefore, that exception is inapplicable.

sas state highway commission ordered a pipeline company to move its underground equipment in order to accommodate the construction of a new highway. The pipeline company based its claim that the order constituted an uncompensated taking upon the fact that its lines were in place prior to the construction of the highway. In that case, all of the affected utility structures were on private rights-of-way. No lines were located "on, along, or across any previously existing highway." *Id.* at 617, 55 S.Ct. at 565, 79 L.Ed. at 1094. Further, the case did not involve the improvement of an established highway as is the case under this record.

These factual differences also exist in other cases cited by plaintiff involving the relocation of pipelines, telephone cables and telephone poles. *See City of Grand Prairie v. American Telephone & Telegraph Co.*, 405 F.2d 1144 (5th Cir.1969); *State v. United States*, 256 F.2d 244 (6th Cir.1958); *Department of Highways v. United Gas Pipe Line Co.*, 153 F.Supp. 698 (W.D.La. 1957), *rev'd*, 258 F.2d 357 (5th Cir.), *cert. denied*, 358 U.S. 910, 79 S.Ct. 235, 3 L.Ed.2d 230 *aff'd on rehearing*, 258 F.2d 359 (1958); *Commonwealth Department of Transportation v. Louisville Gas & Electric Co.*, 526 S.W.2d 820 (Ky.1975); *Commonwealth v. Means & Russell Iron Co.*, 299 Ky. 465, 185 S.W.2d 960 (1945); *County of Harris v. Southern Pacific Transportation Co.*, 457 S.W.2d 336 (Tex. Civ.App.1970); *Magnolia Pipe Line Co. v. City of Tyler*, 348 S.W.2d 537 (Tex.Civ. App.1961); *Sinclair Pipe Line Co. v. Texas*, 322 S.W.2d 58 (Tex.Civ.App.1959).

In all of these cases, the utility was reimbursed for the cost of relocating facilities that were originally located *entirely* upon private property pursuant to various easements. The road was either newly constructed or changed and the structures then were on the new right-of-way. Here, the wires, erected in 1958, were crossing the public road which had been in place for over one hundred years. If the county were forcing IPC to relocate lines which were solely on private property before the road improvements, we might reach a dif-

ferent result. However, we need not consider facts which do not exist in this case.

IV. *Disposition.* On the basis of the statutes and the authorities cited above, we conclude that the expense of raising the electric transmission lines which crossed the public right-of-way was a cost incidental to complying with a valid safety regulation and was not a compensable taking of private property by defendant county. Therefore, we uphold the trial court's ruling denying plaintiff's motion for summary judgment.

AFFIRMED.

All justices concur except REYNOLD-SON, C.J., who dissents.